IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 00-30557
Summary Calendar

———————————

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

EUGENE TROY ELLIS

Defendant - Appellant

---------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 99-CR-161-ALL-J
---------------------
January 23, 2001

Before KING, Chief Judge, and WIENER and DENNIS, Circuit Judges.

PER CURIAM:[*]

A jury convicted Eugene Troy Ellis on all three counts of an indictment charging him with being a felon in possession of a firearm, possession with intent to distribute cocaine, and using a firearm in connection with a drug-trafficking crime. The district court sentenced Ellis to 120 months' imprisonment on Count 1, 240 months on Count 2, and 60 months on Count 3, the last to run consecutively to the other two terms. The court also sentenced Ellis to three years of supervised release on Counts 1 and 3 and five years of supervised release on Count 2. The five-

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

year term of supervised-release was based on drug quantity pursuant to 21 U.S.C. § 841(b)(1)(a).  The district court <u>sua sponte</u> increased Ellis's offense level by two points for obstruction of justice, based on a finding that Ellis committed perjury when he testified on his own behalf at trial.   On appeal, Ellis challenges the five-year term of supervised release and the two-level increase for obstruction of justice.

Ellis argues that the five-year term of supervised release exceeds the statutory maximum term and therefore is improper under <u>Apprendi v. New Jersey</u>, 120 S. Ct. 2348, 2362-63 (2000), because the sentence was based on a drug amount that was neither set forth in the indictment nor found by the jury beyond a reasonable doubt.  Ellis concedes that his trial counsel did not object to the five-year term and that his claim is therefore subject only to "plain error" review.  <u>See</u> <u>United States v. Calverley</u>, 37 F.3d 160, 162 (5th Cir. 1994) (en banc); <u>United States v. Meshack</u>, 225 F.3d 556, 575 (5th Cir. 2000), <u>petition for cert. filed</u>, (U.S. Nov. 26, 2000) (No. 00-7246).

On "plain error" review, this court may correct forfeited errors only when the appellant shows that (1) there is an error (2) that is clear or obvious and (3) that affects his substantial rights.  Fed. R. Crim. P. 52(b); <u>United States v. Olano</u>, 507 U.S. 725, 731-37 (1993); <u>Calverley</u>, 37 F.3d at 162-64.  If these factors are established, the decision to correct the forfeited error remains within the court's sound discretion, which the court will not exercise unless the error seriously affects the

fairness, integrity, or public reputation of judicial proceedings. Olano, 507 U.S. at 735-36.

"Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 120 S. Ct. at 2362-63. Apprendi applies when drug quantity is used to increase the statutory maximum sentence beyond that provided for in 21 U.S.C. § 841(b)(1)(c), the penalty provision of 21 U.S.C. § 841 that does not refer to drug quantity. See United States v. Keith, 230 F.3d 784, 786-87 (5th Cir. 2000). Under Apprendi it was error to use drug quantity as the basis for sentencing Ellis to more than three years of supervised release on Count 2, a Class C felony. See 18 U.S.C. §§ 3559(a)(3) (Class C felonies), and 3583(b)(2) ("not more than three years" of supervised release for Class C felonies); 21 U.S.C. § 841(b)(1)(C) ("supervised release of at least 3 years"); Meshack, 225 F.3d at 578 (three-year term of supervised release). The five-year term of supervised release is "error". United States v. Doggett, 230 F.3d 160, 165, n.2 (5th Cir. 2000).

"Clear," or "obvious" error means an error which was clear under current law at the time of the appeal. Johnson v. United States, 520 U.S. 461, 468 (1997). Apprendi's application to drug crimes under 21 U.S.C. § 841 is now clearly established. See Doggett, 230 F.3d at 163-64; Keith, 230 F.3d at 786-87. Thus, the error was plain. Johnson, 530 U.S. at 468.

The error resulted in Ellis being sentenced to an overlong term of supervised release. Therefore it affected his "substantial rights". See Meshack, 225 F.3d at 578 (correcting overlong terms of supervised release under plain-error review). Declining to give Ellis the benefit of well-established law would reflect adversely on the fairness and integrity of the judicial proceedings. Olano, 507 U.S. at 735-36. The five-year term of supervised release does not survive plain-error review.

The Government asserts that, regardless of drug quantity, Ellis had undisputed prior-felony convictions that subjected him to an increased statutory maximum sentence of more than three years of supervised release under 21 U.S.C. § 841(b)(1)(C). "The only convictions the court may rely upon for enhancement are those enumerated in the government's 'Information of Prior Conviction,' filed pursuant to 21 U.S.C. § 851." See United States v. Steen, 55 F.3d 1022, 1025 (5th Cir. 1995). "If the prosecution fails to comply with § 851's procedural requirements, a district court cannot enhance a defendant's sentence." Id.; United States v. Puig-Infante, 19 F.3d 929, 947, n.10 (5th Cir. 1994). The Government sought unsuccessfully to have Ellis's sentence enhanced under 21 U.S.C. § 851 for two prior convictions that would have made Ellis eligible for life imprisonment and more than three years of supervised release. Because the district court determined that it had "no jurisdiction to consider the enhancement under the bill of information" that alleged Ellis's prior convictions, there are no cognizable prior convictions on which to base an enhancement under 21 U.S.C.

§ 841(b)(1)(C). Ellis's five-year term of supervised release on Count 2 is vacated, and the case is remanded for resentencing. See Meshack, 225 F.3d at 578.

Ellis contends that the district court's sua sponte two-level increase in his total offense level for obstruction of justice was not supported by adequate "independent findings to establish a willful impediment to or obstruction of justice." He asserts that "there must be more than a simple finding that the defendant lied" before the obstruction-of-justice increase may be applied.

Section 3C1.1 of the sentencing guidelines provides for a two-level increase if "'the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense.'" United States v. Storm, 36 F.3d 1289, 1295 (5th Cir. 1994) (quoting § 3C1.1). The guideline's commentary specifically lists "committing, suborning, or attempting to suborn perjury" as examples of conduct to which the enhancement applies. § 3C1.1, comment. (n.4(b)).

Perjury occurs when "'[a] witness testifying under oath or affirmation . . . gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake or faulty memory.'" United States v. Cabral-Castillo, 35 F.3d 182, 187 (5th Cir. 1994) (quoting United States v. Dunnigan, 507 U.S. 87, 94 (1993)). Although it is preferable for the district court to make independent clear findings on each element of the alleged

perjury, it is enough if the court's finding "'encompasses all of the factual predicates for a finding of perjury.'" United States v. Laury, 985 F.2d 1293, 1308 (5th Cir. 1993) (quoting Dunnigan, 507 U.S. at 95). The record indicates that the district court did not err in finding that Ellis committed perjury. He willfully and falsely denied possession of the gun and the cocaine, facts obviously material to his case.

Ellis's sentence to a five-year term of supervised release on Count 2 is VACATED, and the case is REMANDED for resentencing. In all other respects, the conviction and sentence are AFFIRMED.