IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
No. 99-50692
(Summary Calendar)

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

LAMONT E. KEITH,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
--------------------
October 17, 2000

Before POLITZ, HIGGINBOTHAM, and WIENER, Circuit Judges.

PER CURIAM:

Defendant-Appellant Lamont E. Keith appealed his conviction and sentence for possession of cocaine base (crack) with intent to distribute, in violation of 21 U.S.C. § 841(a)(1).  We affirmed Keith's conviction, rejecting his claims of evidentiary insufficiency and failure to give a requested instruction on nervousness.  United States v. Keith, 99-50692 (5th Cir. Mar. 9, 2000) (unpublished).  Reviewing for plain error, we also rejected Keith's argument that drug quantity is an element of the offense and must be alleged in the indictment and proved to the jury beyond a reasonable doubt.  Id.  Keith petitioned for rehearing, urging inter alia that he had preserved error on the question of drug quantity, making plain error review inappropriate.  Concluding that

Keith did preserve error on that issue, we now grant his petition for panel rehearing, withdraw the final paragraph of our prior unpublished opinion, in which paragraph we addressed the issue of drug quantity, substitute in its place the discussion below, and affirm his conviction and sentence. We do not disturb our analysis of Keith's "sufficiency of the evidence" or jury instruction claims.

Following Keith's conviction by a jury, the district court sentenced him to the twenty-year minimum sentence mandated by subsection (A) of 21 U.S.C. § 841(a)(1). The court did so based on its finding, by a preponderance of the evidence, that Keith's offense involved more than fifty grams of cocaine base. Initially Keith argued on appeal that, pursuant to Jones v. United States, 526 U.S. 227 (1999), drug quantity must be alleged in the indictment and proved to a jury beyond a reasonable doubt because drug quantity is an element of the offense charged.

Jones dealt with a conviction under the federal carjacking statute, 18 U.S.C. § 2119, which provides that anyone who possesses a firearm while taking or attempting to take a motor vehicle by force shall "(1) be fined under this title or imprisoned not more than 15 years, or both, (2) if serious bodily injury . . . results, be fined under this title or imprisoned not more than 25 years, or both, and (3) if death results, be fined under this title or imprisoned for any number of years up to life, or both." Id. at 230. Neither the indictment nor the jury instructions made reference to any bodily injury. Id. At sentencing, the district

2

court found by a preponderance of the evidence that serious bodily injury had resulted, then imposed a sentence of twenty-five years, rejecting the defendant's contention that because bodily injury had neither been alleged nor proved to the jury, it could not support the sentence. Id.

In Jones, the Supreme Court expressed "constitutional doubt" as to whether a judge could determine by a preponderance of the evidence facts that increase the penalty for a "variant of a given crime." Id. Accordingly, the Court determined that reading the statute to create three separate offenses would eliminate any constitutional due process concerns raised by reading the statute as merely setting out one offense with three different penalties. Id. The Court concluded that, as punishment turns on the type of injury to the victim, injury forms an element of the offense and thus is required to be alleged in the indictment and proved to the jury beyond a reasonable doubt. Id. at 252.

In seeking this rehearing initially, Keith argued that the Jones rationale should be extended to offenses under subsection (A) of § 841(b)(1); that if drug quantity is to be used to determine a sentence under that subsection, it must be alleged in the indictment and proved to a jury beyond a reasonable doubt. As this was not done, contended Keith, his sentence must be determined not under subsection (A) of § 841(b)(1) but under subsection (C), which contains no reference to drug quantity. Because of his prior felony conviction, Keith's maximum sentence under subsection (C)

would be thirty years.  Subsection (C) of § 841(b)(1) does not, however, prescribe a minimum sentence that would apply to Keith.

Prior to <u>Jones</u>, we consistently held that drug quantity is a sentencing factor and not an element of a drug offense.  <u>See</u>, <u>e.g.</u>, <u>United States v. Deisch</u>, 20 F.3d 139, 146 (5th Cir. 1994); <u>United States v. Valencia</u>, 957 F.2d 1189, 1197 (5th Cir. 1992).  Earlier this year, in <u>United States v. Rios-Quintero</u>, 204 F.3d 214, 217-19 (5th Cir. 2000), we addressed the issue whether <u>Jones</u> overruled our pre-<u>Jones</u> jurisprudence.  Inasmuch as our review in <u>Rios-Quintero</u> was for plain error, and considering the lack of certainty regarding <u>Jones</u>'s constitutional scope, we held that <u>Jones</u> constituted "too thin a reed upon which to hang a wholesale abandonment" of our pre-<u>Jones</u> jurisprudence.  <u>Id.</u>

While Keith's petition for rehearing was pending, the Supreme Court, during its last term, decided <u>Apprendi v. United States</u>, 120 S. Ct. 2348 (2000), expanding on the constitutional concerns voiced in <u>Jones</u>.  Keith now urges us to consider his petition in light of this new precedent.  <u>Apprendi</u> involved a state "hate crime" law which allowed a judge to determine by a preponderance of the evidence that a second-degree offense was motivated by bias and consequently impose punishment equal to that for a first-degree offense.  <u>Id.</u> at 2363.  After examining <u>Jones</u> and the historical treatment of sentencing issues, the Court determined that, with the exception of recidivism, it is "'unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is

4

exposed.'"  Id. (quoting Jones, 526 U.S. at 252-53 (Stevens, J., concurring)).  The Court then held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  Id. at 2362-63.

Earlier this month we squarely held that Apprendi overruled our pre-Jones jurisprudence that treated drug quantity as a sentencing factor rather than as an element of the offense under § 841.  See United States v. Doggett, No. 99-50380 at 9 (5th Cir. Oct. 6, 2000).  Consequently, to the extent that drug quantity increases a sentence beyond the statutory maximum, it must be alleged in the indictment and proved to the jury beyond a reasonable doubt.  Id.  The defendant in Doggett insisted that Apprendi prohibited the trial court from determining the quantity of drugs for purposes of the Sentencing Guidelines.  Id. at 12.  We rejected this argument as overbroad, finding that Apprendi is "limited to facts which increase the penalty beyond the statutory maximum, and does not invalidate a court's factual finding for the purposes of determining the applicable Sentencing Guidelines."  Id. at 12-13.  In reaching this result, we relied on our decision in United States v. Meshack, 2000 WL 1218437 *12 (5th Cir.), in which we determined that Apprendi should be applied only to cases in which a sentence exceeds the statutory maximum, not to cases in which a sentence is enhanced within the statutory range based on a finding of drug quantity.

Reading Apprendi in the framework established by Meshack and Doggett, we hold that a fact used in sentencing that does not increase a penalty beyond the statutory maximum need not be alleged in the indictment and proved to a jury beyond a reasonable doubt. Keith's sentence of twenty years obviously does not exceed the statutory maximum sentence of thirty years under § 841(b)(1)(C). On its face then, Apprendi is not authority for invalidating Keith's sentence. See Doggett, No. 99-50380 at 12-13.

Keith nevertheless argues that because subsection (C) of § 841(b)(1) applies in the absence of an allegation and jury finding of drug quantity, the district court could not impose the statutory minimum sentence of twenty years under § 841(b)(1)(A) based on a non-jury determination of drug quantity. We disagree. Although Doggett involved a Sentencing Guidelines enhancement, its reasoning and its holding apply with equal force to a statutory minimum sentence.

In McMillan v. Pennsylvania, 477 U.S. 79, 81 (1986), the Court found constitutional a statute that imposed a mandatory minimum sentence for a defendant who is convicted of specified felonies when a judge finds by a preponderance of the evidence that the defendant "'visibly possessed a firearm.'" The Court reasoned that the statute neither increased the maximum penalty nor created a separate offense calling for a separate penalty. Id. at 87-88. Rather, reasoned the Court, the statute limited the sentencing court's "discretion in selecting a penalty within the range already available to it without the special finding of visible possession

6

of a firearm." Id. at 88. The statute merely raised the minimum sentence that could be imposed within the statutory range; it was not "tailored to permit the visible possession finding to be a tail which wags the dog of the substantive offense." Id. In Apprendi, the Court emphasized that McMillan remains good law but limited it to cases "that do not involve the imposition of a sentence more severe than the statutory maximum for the offense established by the jury's verdict — a limitation identified in the McMillan opinion itself." 120 S. Ct. at 2361 n.13 (emphasis added).

Our examination of Apprendi in light of McMillan and Doggett leads inexorably to the conclusion that, as Keith's sentence did not exceed the maximum sentence of thirty years under § 841(b)(1)(C), the offense established by the jury's verdict, it does not run afoul of Apprendi's constitutional limitations.[1] For the foregoing reasons, we affirm the judgment of the district court in all respects, including both conviction and sentence.

AFFIRMED.

---

[1] The Eighth Circuit reached a similar conclusion on nearly identical facts. United States v. Aguayo-Delgado, 220 F.3d 926, 933-34 (8th Cir. 2000).

7