IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-11061
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

SANTIAGO GUADALUPE CARRANZA,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:98-CR-333-7-T
--------------------
January 24, 2001

Before EMILIO M. GARZA, STEWART and PARKER, Circuit Judges.

PER CURIAM:[*]

Santiago Guadalupe Carranza appeals his guilty-plea convictions for conspiracy to possess with intent to distribute in excess of 100 grams of methamphetamine and money laundering. Relying on Jones v. United States, 526 U.S. 227 (1999), and Apprendi v. New Jersey, 120 S. Ct. 2348 (2000), he contends that the total quantity of drugs attributable to him should have been alleged in the indictment as an essential element of the charged conspiracy.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Our review of the record and the arguments and authorities convinces us that no reversible error was committed. We have held "that a fact used in sentencing that does not increase a penalty beyond the statutory maximum need not be alleged in the indictment and proved to a jury beyond a reasonable doubt." United States v. Keith, 230 F.3d 784, 787 (5th Cir. 2000). The indictment explicitly charged Carranza with conspiracy to "possess with intent to distribute and distribute in excess of 100 grams of methamphetamine . . . in violation of Title 21, United States Code Sections 841(a)(1) and 841(b)(1)(A)(viii)." At the time of the offense, § 841(b)(1)(A)(viii) set forth that the penalty range for possession with intent to distribute 100 grams or more of methamphetamine was not less than ten years and not more than life. § 841(b)(1)(A) (1998). Carranza's 340-month sentence on count one, determined under the applicable Sentencing Guidelines, obviously does not exceed the statutory maximum of life imprisonment. Accordingly, there is no potential Apprendi issue based on the sufficiency of the indictment. See Keith, 230 F.3d at 787.

The judgment of the district court is AFFIRMED.