IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40831
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JOEL PENA,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-00-CR-57-1
--------------------
February 13, 2001

Before SMITH, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Joel Pena appeals his guilty-plea conviction and sentence for possession with the intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). He asserts that his plea was involuntary because, although he informed the district court that he intended to possess marijuana rather than cocaine, the district court led him to believe that his knowledge of the specific drug possessed was irrelevant, which, he asserts, is error following Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 2362-63 (2000).

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because Pena's argument was not raised in the district court, it is reviewed for plain error only. See United States v. Meshack, 225 F.3d 556, 575 (5th Cir. 2000). Pena has not shown any error, plain or otherwise, because he was sentenced to the statutory minimum term of imprisonment, rendering Apprendi inapplicable. See 21 U.S.C. § 841(b)(1)(A); United States v. Doggett, 230 F.3d 160, 166 (5th Cir. 2000), petition for cert. filed (U.S. Jan. 4, 2001) (No. 7819); Meshack, 225 F.3d at 575-77; see also United States v. Keith, 230 F.3d 784, 787 (5th Cir. 2000). To the extent that Pena argues, without reference to Apprendi, that his plea was involuntary because he did not admit to knowingly possessing cocaine, the argument is without merit. See United States v. Valencia-Gonzales, 172 F.3d 344, 345 (5th Cir.), cert. denied, 528 U.S. 894 (1999); United States v. Cartwright, 6 F.3d 294, 303 (5th Cir. 1993).

AFFIRMED.