IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 00-51086

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOEL ENRIQUEZ

Defendant-Appellant.

---

Appeal from the United States District Court
for the Western District of Texas
(99-CR-1549)

---

October 4, 2001

Before REAVLEY, HIGGINBOTHAM, and PARKER, Circuit Judges.

PER CURIAM:[*]

Enriquez was convicted of knowingly importing five kilograms or more of cocaine and sentenced to 20 years in prison. He claims that the Supreme Court's holding in *Apprendi v. New Jersey*[1] requires the government to prove beyond a reasonable doubt that Enriquez knew the precise quantity of drugs he was smuggling.

Enriquez does not allege that the government failed to prove the quantity of drugs imported beyond a reasonable doubt, as

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] 530 U.S. 466 (2000).

*Apprendi* requires. In any case, *Apprendi* is inapposite because the drug quantity did not increase Enriquez's sentence beyond the statutory maximum.[2]

The crux of Enriquez's argument is that *Apprendi* alters the scienter requirement of 21 U.S.C § 960(a)(1), requiring the government to prove that he knew the precise quantity of drugs he was smuggling. Section 960(a)(1) outlaws "knowingly or intentionally import[ing] or export[ing] a controlled substance."[3] We have long held that this statute is a "specific intent" statute and merely requires knowledge that the substance imported is a controlled substance.[4] *Apprendi* does not alter this analysis. AFFIRMED.

---

[2] *United States v. Keith*, 230 F.3d 784, 787 (5th Cir. 2000).

[3] 21 U.S.C. § 960(a)(1).

[4] *United States v. Restrepo-Granda*, 575 F.2d 524, 527 (5th Cir. 1978).