IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40163
Conference Calendar

_____

UNITED STATE OF AMERICA,

Plaintiff-Appellee,

versus

SYLVIA FAYE GREINER,

Defendant-Appellant.

--------------------

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 3:00-CR-5-ALL

--------------------
October 25, 2001

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Sylvia Faye Greiner appeals from her conviction of
conspiring to make or present a false claim.  She contends that
she received ineffective assistance of counsel; that the evidence
was insufficient to support her conviction; that 18 U.S.C.
§ 1006, the statute governing one of the substantive offenses
underlying the charge of conviction, is void for vagueness; that
her sentence violated *Apprendi v. New Jersey*, 530 U.S. 466
(2000), because the amount of loss on which her guideline

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

sentencing level was based was not alleged in the charging information; and that the Government failed to prove the amount of loss on which her guideline sentencing level was based.

Greiner lists the ways in which she believes counsel was ineffective, but she does not allege any specific facts supporting her ineffective-assistance contentions. Greiner has failed to brief ineffective assistance for appeal. *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Greiner seeks to incorporate by reference a district-court pleading to make her argument that the evidence was insufficient to support her conviction; she may not incorporate portions of the district-court reference into her brief. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Moreover, the issue is facially frivolous because Greiner pleaded guilty.

Title 18 U.S.C. § 1006 is not void for vagueness. *United States v. Kehoe*, 573 F.2d 335, 339 (5th Cir. 1978). Greiner has failed to show any error, plain or otherwise, regarding her void-for-vagueness contention, which she raises for the first time on appeal.

*Apprendi* is inapplicable to cases in which a sentence is enhanced within a statutory sentencing range. *United States v. Keith*, 230 F.3d 784, 786-87 (5th Cir. 2000), *cert. denied*, 121 S. Ct. 1163 (2001). Greiner has failed to show any error, plain or otherwise, regarding her *Apprendi* contention, which she raises for the first time on appeal.

Greiner stipulated to the loss amount on which her sentence was based in her plea agreement. She cannot show error based on that amount of loss.

AFFIRMED.