IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30601
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JAMES A. MCDADE,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 00-CR-50050-2
--------------------
February 21, 2002

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

James A. McDade appeals his sentences of 360 months'
imprisonment and five years' supervised release on Count 1 and
240 months' imprisonment and three years' supervised release on
Count 3, after being convicted by a jury of conspiracy to possess
with intent to distribute 50 grams or more of cocaine base and
money laundering.

McDade argues that the Sixth Amendment requires that the
quantities of contraband and money that the trial court relied on
in determining the guideline range in sentencing should be

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

alleged in the indictment and proven beyond a reasonable doubt. He relies on Apprendi v. New Jersey, 530 U.S. 466 (2000) and United States v. Norris, 143 F.Supp.2d 243 (E.D.N.Y. 2001), for the proposition that all facts which expose the defendant to a particular range of sentencing must be charged and proven.

McDade admits that his argument is foreclosed by this court's precedent. In United States v. Meshack, 225 F.3d 556, 576 (5th Cir. 2000), cert. denied, 531 U.S. 1100 (2001), amended in part on rehearing by Meshack, 244 F.3d 367 (5th Cir. 2001), cert. denied, 122 S. Ct. 142 (2001), we specifically rejected McDade's argument that all facts which affect the sentencing range must be charged and proven. We held that Apprendi should be given a limited reading and that the rule of Apprendi applied only to facts that increase the penalty for a crime beyond the statutory maximum. 225 F.3d at 576. This reading of Apprendi was reaffirmed in United States v. Doggett, 230 F.3d 160, 166 (5th Cir. 2000), cert. denied, 121 S. Ct. 1152 (2001) and United States v. Keith, 230 F.3d 784, 787 (5th Cir. 2000), cert. denied, 121 S. Ct. 1163 (2001) ("Apprendi should be applied only to cases in which a sentence exceeds the statutory maximum, not to cases in which a sentence is enhanced within the statutory range based on a finding of drug quantity.").

McDade admits that the quantity of drugs needed for the enhanced penalty of 10 years to life in 21 U.S.C. § 841(b)(1)(A) was stated in the indictment and submitted to the jury. He does not allege that he was sentenced beyond the statutory maximum of

life on Count 1 or 20 years on Count 3.  McDade's sentences are

AFFIRMED.