IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40373
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROGELIO LOPEZ MORENO,
also known as "Pete,"
also known as "Peter,"

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:00-CR-39-11
- - - - - - - - - -
March 6, 2002

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Rogelio Lopez Moreno appeals his conviction and sentence for conspiracy to possess with intent to distribute cocaine and heroin. Moreno's arguments focus on the application of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and the fact that the original indictment to which he pleaded guilty did not allege a drug quantity. He argues that (1) the district court erred during Moreno's guilty plea hearing when it advised Moreno that he faced a mandatory minimum sentence of ten years; (2) the district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

erred when it granted a § 5K1.1 downward departure but did not depart lower than 120 months; and (3) the presentencing report's (PSR) findings regarding drug quantities lacked sufficient indicia of reliability.

The district court did not err in its Rule 11 admonishment, nor did it err in the application of a mandatory minimum sentence. In cases where a drug quantity has not been alleged, *Apprendi* does not invalidate the imposition of a mandatory minimum sentence under §§ 841(b)(1)(A) or (b)(1)(B), as long as the sentence imposed does not exceed the statutory maximum sentence under § 841(b)(1)(C). *See United States v. Keith*, 230 F.3d 784, 787 (5th Cir. 2000), *cert. denied*, 531 U.S. 1182 (2001). Moreno's 120-month sentence did not exceed the 20-year statutory maximum.

The district court did not err when it sentenced Moreno based on drug quantities contained in the PSR. Moreno has failed to present rebuttal evidence demonstrating the PSR's inaccuracy; therefore, the PSR is presumed reliable for calculating drug quantity. *See United States v. Franklin*, 148 F.3d 451, 460 (5th Cir. 1998). Accordingly, Moreno's conviction and sentence are AFFIRMED.