IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-60926
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JOHN JOSEPH VACCARO,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:95-CR-17-2-GR
--------------------
June 19, 2002

Before HIGGINBOTHAM, DAVIS, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

John Joseph Vaccaro, federal prisoner #22940-048, appeals from the denial of his motion for relief pursuant to 18 U.S.C. § 3582(c)(2).  For the reasons that follow, we affirm the district court.

Vaccaro first contends that *Apprendi v. New Jersey*, 530 U.S. 466 (2000), constituted a clarifying amendment to the Sentencing Guidelines; that his *Apprendi* contention was not outside the scope of 18 U.S.C. § 3582(c)(2); and that his leader/organizer adjustment violated *Apprendi*.  Guideline factors that enhance a

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence within the statutory sentencing range do not implicate *Apprendi*. *United States v. Keith*, 230 F.3d 784, 787 (5th Cir. 2000), *cert. denied*, 531 U.S. 1182 (2001). Vaccaro has failed to show that *Apprendi* served as a clarifying amendment to the Sentencing Guidelines; the district court therefore was not authorized to grant 18 U.S.C. § 3582(c)(2) relief based on *Apprendi*. *See United States v. Lopez*, 26 F.3d 512, 515 & n.3 (5th Cir. 1994).

Moreover, Vaccaro's 105-month RICO conspiracy term and his 60-month wire fraud term were within the statutory sentencing ranges for those offenses. 18 U.S.C. §§ 1343, 1962(d), 1963(a). Vaccaro's sentence did not violate *Apprendi*.

Vaccaro also contends that the district court erred by imposing a fine he could not pay without first ascertaining that he could pay the fine; that the district court erred by failing to depart downwardly from his guideline offense level due to his health; and that the district court erred by declining to impose his sentence to run concurrently with his undischarged sentence for a parole violation. Vaccaro's contentions are not based on any amendments to the Sentencing Guidelines that would lower his sentence if those amendments were applicable at the time he was sentenced. The district court was not authorized to grant 18 U.S.C. § 3582(c)(2) relief on Vaccaro's contentions. *See Lopez*, 26 F.3d at 515.

AFFIRMED.