UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-20356
_____


UNITED STATES OF AMERICA,

      Plaintiff-Appellee

VERSUS

SERGIY KURDYUKOV; OLEG KHMYZNIKOV; SERGIY KRUGLYAK,

      Defendants-Appellants


_____

Appeal from the United States District Court
for the Southern District of Texas
No. H-99-CR-371-1
_____

August 15, 2002


Before WIENER, EMILIO M. GARZA, and PARKER, Circuit Judges.

PER CURIAM:[*]

     The Defendants-Appellants Sergiy Kurdyukov ("Kurdyukov"), Oleg Khmyznikov ("Khmyznikov"), and Sergiy Kruglyak ("Kruglyak") appeal from their convictions for possession with intent to distribute five kilograms or more of cocaine and conspiracy to possess with intent to distribute five kilograms or more of cocaine in violation

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

of the Maritime Drug Law Enforcement Act ("MDLEA"). *See* 46 U.S.C. App. § 1903. The convictions of the appellants arose from the United States Coast Guard's discovery of approximately 8500 pounds of cocaine aboard the M/V China Breeze ("China Breeze") on May 27, 1999.[1] We previously addressed an appeal of another defendant concerning the discovery of cocaine on the China Breeze in *United States v. Bustos-Useche*, 273 F.3d 622 (5th Cir. 2001), *cert. denied*, 122 S. Ct 1947 (2002).

The Defendants-appellants raise seven issues on appeal. First, Kruglyak and Khmyznikov contend the evidence at trial was insufficient to support the jury's finding that they knew the cargo on the China Breeze that was on-loaded at sea was a controlled substance. Second, Kruglyak and Khmyznikov claim that the district court erred in finding that the jurisdictional requirements of 46 U.S.C. App. § 1903(c)(1)(C) were satisfied. Third, Kurdyukov contends that the application of § 1903 to foreign nationals outside the United States territorial jurisdiction is beyond the reach of the United States Constitution. Fourth, Kurdyukov contends that the United States does not have authority to act under § 1903(c)(1)(C) unless there is a showing of a nexus between

---

[1] Kurdyukov was the Captain or "master" of the vessel. Kruglyak was the second officer and navigator. Khmyznikov was the third officer and navigator. Kruglyak's responsibilities included the position and courses of the ship. Khmyznikov's responsibilities included writing entries in the logbook and preparing security papers for the ship.

2

the crew members and the United States.  Fifth, Kurdyukov contends that the warrantless search of the China Breeze violated the Fourth Amendment, necessitating exclusion at trial of evidence seized from the vessel.  Sixth, Kurdyukov contends that the district court's instruction that the China Breeze was subject to the jurisdiction of the United States constituted an impermissible mandatory presumption.  Finally, Kurdyukov contends that his 304 month sentence violates *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

We find each of Defendant-appellants' arguments to be without merit for the following reasons and therefore AFFIRM the convictions.  We address each argument in turn.

I.   **ANALYSIS**

A.   **Sufficiency of the Evidence**

Kruglyak and Khmyznikov concede that sufficient evidence exists to prove that they knew the cargo onboard the China Breeze to be something illegal, but contend that insufficient evidence exists to prove that they knew the cargo was a controlled substance. In reviewing this "sufficiency" challenge, we ask whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could properly find that appellants knew the China Breeze was carrying a controlled substance.  *See U.S. v. Williams*, 264 F.3d 561, 576-77 (5th Cir. 2001).  After reviewing the record evidence, we conclude that there is sufficient evidence from which a rational jury could properly

3

conclude that Kruglyak and Khmyznikov knew the China Breeze was carrying a controlled substance.

At the outset, we note there was no evidence produced at trial which indicated that cocaine itself was ever visible to Kruglyak and Khmyznikov. However, substantial circumstantial evidence existed to prove that Kruglyak and Khmyznikov knew the cargo being carried by the China Breeze was a controlled substance.

First, the confidential informant testified that Kurdyukov told him that the crew knew they were transporting drugs during the first two voyages. In addition, the confidential informant testified that Kurdyukov told him that the crew on the final voyage was "just as safe and sure like it was on the last one." This testimony indicated that the crew knew they were transporting drugs during the final voyage as well. Second, the evidence showed that Kruglyak and Khmyznikov participated in the actual on-loading and off-loading of large quantities of cocaine at sea on seven separate occasions from June 1998 to May 1999. Third, the evidence showed that the bales were loaded on the high sea off the coast of Colombia and packaged in waterproof containers.[2] An experienced DEA officer testified that this procedure was typical of loading

---

[2] It is telling that during the first two voyages the China Breeze carried no legitimate cargo but still journeyed great distances to points off the coast of Colombia where the cargo was on-loaded. Kruglyak and Khmyznikov argue that as Ukrainians they did not know, as do almost all Americans, that Colombia is one of the world's largest producers of cocaine. However, the veracity of their testimony could surely be questioned by the jury.

4

illegal controlled substances.

Fourth, the evidence showed that Kruglyak and Khmyznikov falsified the vessel's log books and erased navigation charts in an attempt to cover up the illegal activity. Fifth, the evidence showed that Kruglyak and Khmyznikov received significant monetary bonuses for their participation in the illegal activity. Sixth, the length of the voyages, the large amount of drugs on board (approximately 8500 pounds of cocaine), and the close relationship between Kurdyukov, Kruglyak, and Khmyznikov lead to a finding of guilty knowledge on the part of Kruglyak and Khmyznikov.[3] *See U.S. v. Loalza-Vasquez*, 735 F.2d 153, 158-59 (5th Cir. 1984). In sum, the aforementioned facts taken in combination are more than sufficient to support the jury's finding that Kruglyak and Khmyznikov knew the cargo being carried by the China Breeze was a controlled substance. *See U.S. v. Guerrero*, 114 F.3d 332, 343 (1st Cir. 1997).

## B. Jurisdictional Requirements of section 1903(c)(1)(C)

Kruglyak and Khmyznikov argue that the district court failed to satisfy the jurisdictional requirements of 46 U.S.C. app. § 1903(c)(1)(C) because Panama did not give consent to the

[3] We also note that the district court properly instructed the jury that evidence of deliberate ignorance can constitute evidence of guilty knowledge. Here, the likelihood of criminal wrongdoing was so high and the circumstances on the China Breeze were so suspicious that a rational jury could properly find that appellants' failure to conduct further inquiry or inspection into the cargo being carried amounted to deliberate ignorance.

enforcement of United States law until after the cocaine was seized on May 27, 1999. We addressed this exact argument in *Bustos-Useche*. In *Bustos-Useche*, 273 F.3d at 627, we held that "the only statutory prerequisite to the district court's jurisdiction under section 1903(c)(1)(C) is that the flag nation consent to the enforcement of United States law before trial." Accordingly, because Panama consented to the enforcement of United States law prior to Kruglyak and Khmyznikov's trial, the jurisdictional requirements of section 1903 were satisfied.

**C. Application of § 1903 under the United States Constitution**

Kurdyukov contends that application of the provisions of 46 App. U.S.C. § 1903 to foreign nationals outside the United States territorial jurisdiction is beyond the reach of the United States Constitution. We disagree. Article I, Section 8, clause 10 of the Constitution provides Congress with the power "[t]o define and punish Piracies and Felonies committed on the high seas, and Offenses against the Law of Nations." *See also U.S. v. Martinez-Hidalgo*, 993 F.2d 1052, 1056 (3rd Cir. 1993), *cert. denied*, 510 U.S. 1048 (1994).

**D. Nexus Requirement**

Kurdyukov contends that the United States does not have authority to act under section 1903(c)(1)(C) unless there is a showing of a nexus between himself and the United States. Kurdyukov further contends that no such nexus exists in this case.

6

In *United States v. Suerte*, 291 F.3d 366 (5th Cir. 2002), we addressed this "nexus" argument on virtually identical facts. In *Suerte*, we held that, for extraterritorial application of the MDLEA, the Due Process Clause of the Fifth Amendment does not require a nexus between the foreign citizen and the United States, where the flag nation of the vessel has consented or waived objection to the enforcement of United States law by the United States. *Id.* at 375. Consequently, Kurdyukov's "nexus" argument is foreclosed by our *Suerte* decision. A nexus between Kurdyukov's conduct and the United States is not required.

**E.   Fourth Amendment**

Kurdyukov contends that the warrantless search of the China Breeze violated the Fourth Amendment. The Supreme Court has clearly stated that the Fourth Amendment does not apply to activities of the United States directed against aliens in international waters. *See United States v. Verdugo-Urquidez*, 494 U.S. 259, 264-75 (1990). Kurdyukov is a Ukrainian national and the search of the China Breeze occurred in international waters. Therefore, Kurdyukov cannot receive the protections of the Fourth Amendment.

**F.   District Court's Jury Instruction**

The district court's instruction to the jury that the China Breeze was subject to the jurisdiction of the Unites States did not constitute an impermissible mandatory presumption. In *Bustos-*

*Useche*, 273 F.3d at 626, we recognized that the addition of subsection(f)to section 1903 eliminates jurisdiction as an element of the offense and that all jurisdictional issues are preliminary questions of law to be determined by the trial judge. Thus, because the issue of jurisdiction was not an element of the offense, the court's instruction did not constitute an impermissible mandatory presumption.

## G. Alleged *Aprendi* error

Finally, Kurdyukov's argument that the district court's imposition of a 304 month sentence violates *Apprendi* is without merit. The indictment charged Kurdyukov with conspiracy to possess with intent to distribute more than five kilograms of cocaine. The jury convicted him of this offense. 46 App. § 1903(g)(1) provides that any person who commits an offense in violation of the MDLEA shall be punished in accordance with the penalties set forth in 21 U.S.C. § 960. According to 21 U.S.C. § 960(b)(1)(B), the penalty range for an offense involving five kilograms or more of a mixture or substance containing cocaine is ten years to life imprisonment. Because the 304 month sentence does not exceed the statutory maximum, there is no *Apprendi* error. *See United States v. Keith*, 230 F.3d 784, 787 (5th Cir. 2000), cert. denied, 531 U.S. 1182 (2001).

## II. CONCLUSION

For the preceding reasons, the judgments of the district court

8

concerning Kurdyukov, Kruglyak, and Khmyznikov are AFFIRMED in all respects.