IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-41452
Conference Calendar
_____


RAUL ELIZONDO ALVAREZ,

                                        Petitioner-Appellant,

versus

MICHAEL PURDY, Warden,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-01-CV-166
--------------------
August 20, 2002

Before HIGGINBOTHAM, DAVIS, and PARKER, Circuit Judges.

PER CURIAM:[*]

     Raul Elizondo Alvarez ("Alvarez"), federal prisoner

#22950-149, appeals the district court's dismissal of his 28

U.S.C. § 2241 petition for lack of jurisdiction.  He argues that

his claim under Apprendi v. New Jersey, 530 U.S. 466 (2000),

meets the requisite criteria for proceeding under the "savings

clause" of 28 U.S.C. § 2255 and that he was actually innocent of

his cocaine convictions.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Alvarez' reliance on <u>Apprendi</u> is misplaced. <u>Apprendi</u> does not affect Alvarez' term of imprisonment because his 262-month sentence is within the statutory maximum for his offenses. <u>See</u> <u>United States v. Keith</u>, 230 F.3d 784, 787 (5th Cir. 2000), <u>cert. denied</u>, 531 U.S. 1182 (2001). Furthermore, notwithstanding his assertions of innocence, Alvarez fails to show that his claim "is based on a retroactively applicable Supreme Court decision which establishes that [he] may have been convicted of a nonexistent offense." <u>See</u> <u>Reyes-Requena v. United States</u>, 243 F.3d 893, 904 (5th Cir. 2001). Accordingly, the district court did not err in determining that Alvarez could not bring his claim under the "savings clause" of 28 U.S.C. § 2255.

AFFIRMED.