IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-41503
Conference Calendar
_____


RENE SANCHEZ,

                                        Petitioner-Appellant,

versus

JOHN M. TOMBONE, Warden,

                                        Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:01-CV-353
--------------------
August 21, 2002

Before HIGGINBOTHAM, DAVIS, and PARKER, Circuit Judges.

PER CURIAM:[*]

     Rene Sanchez, federal prisoner # 66129-079, appeals from the

denial of his 28 U.S.C. § 2241 habeas corpus petition.  He argues

that the district court erred in determining that his Apprendi v.

New Jersey, 530 U.S. 466 (2000), claim did not meet the criteria

for bringing a claim pursuant to the "savings clause" of 28

U.S.C. § 2255.

_____

     [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Sanchez contends that his sentence for possession with intent to distribute marijuana was unconstitutionally calculated in violation of Apprendi.  This contention is without merit.  On the counts to which Sanchez pleaded guilty, the indictment specifically alleged the involvement of 826 pounds, or 374.67 kilograms, of marijuana.  Sanchez's sentence does not violate Apprendi because the 120-month sentence and the five-year supervised release term he received were within the statutory maximum for his offense.  United States v. Keith, 230 F.3d 784, 787 (5th Cir. 2000), cert. denied, 531 U.S. 1182 (2001); see 21 U.S.C. § 841(b)(1)(B)(vii) and 18 U.S.C. §§ 3581, 3583.

Sanchez also challenges the constitutionality of 21 U.S.C. §§ 841 and 846 in light of Apprendi.  This argument is foreclosed by Fifth Circuit precedent.  See United States v. Fort, 248 F.3d 475, 482-83 (5th Cir.), cert. denied, 122 S. Ct. 405 (2001); United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2000), cert. denied, 532 U.S. 1045 (2001).

JUDGMENT AFFIRMED.