IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-30269
Conference Calendar

_____

GODFREY OKECHUKU OBIOZOR,

Petitioner-Appellant,

versus

WARDEN, FEDERAL CORRECTIONAL INSTITUTION OAKDALE; UNITED
STATES OF AMERICA,

Respondents-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 01-CV-1175
--------------------
August 21, 2002

Before HIGGINBOTHAM, DAVIS, and PARKER, Circuit Judges.

PER CURIAM:[*]

Godfrey Okechuku Obiozor, federal prisoner # 59498-079,
appeals the district court's denial of his habeas petition that
invoked 28 U.S.C. § 2241.  Obiozor argues that the district court
erred in determining that his Apprendi v. New Jersey, 530 U.S.
466 (2000), claim did not meet the criteria for bringing a claim
pursuant to the "savings clause" of 28 U.S.C. § 2255.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

In order to file a 28 U.S.C § 2241 petition pursuant to the "savings clause" of 28 U.S.C. § 2255, the petitioner must show that 1) his claims are based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and 2) his claims were foreclosed by circuit law at the time when the claims should have been raised in his trial, appeal, or first 28 U.S.C. § 2255 motion. Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001). This court has not decided whether an Apprendi claim meets the first prong of the Reyes-Requena test.

However, that issue need not be addressed in this case because Apprendi does not apply to Obiozor's case. On the count to which Obiozor pleaded guilty, the indictment specifically alleged the involvement of in excess of one kilogram of heroin. Obiozor's sentence does not violate Apprendi because the 210-month term of imprisonment and the five-year supervised release term to which he was sentenced were within the statutory maximum for his offense. United States v. Keith, 230 F.3d 784, 787 (5th Cir. 2000), cert. denied, 531 U.S. 1182 (2001); see 21 U.S.C. § 960(b)(1)(A) and 18 U.S.C. §§ 3581, 3583.

This court will not consider the issue whether Obiozor's guilty plea was knowingly and voluntarily entered into because it was raised for the first time in this appeal. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999). AFFIRMED.