IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-30310
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ISAAC JEROME HAYES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 96-CR-60031-8
--------------------
January 16, 2003

Before REAVLEY, BARKSDALE and CLEMENT, Circuit Judges.

PER CURIAM:*

Isaac Jerome Hayes appeals from his conviction of conspiring
to distribute crack cocaine and distributing crack cocaine.  He
contends that the evidence was insufficient to support his
conviction, that the district court erroneously admitted evidence
of two arrests in Atlanta several years after the facts
underlying his conviction pursuant to FED. R. EVID. 404(b), and
that the drug quantity relevant to his guideline sentencing range

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

should have been submitted to the jury pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

Hayes's sufficiency contention relies on alleged inconsistencies in the evidence and attacks on the credibility of the witnesses against him. Hayes argues that the witnesses against him either were incompetent to testify or had motivations to lie. Hayes has not shown that the jury's credibility findings should be disturbed. *See United States v. Molinar-Apodaca*, 889 F.2d 1417, 1423 (5th Cir. 1989). He has not shown that the evidence was not sufficient to allow a reasonable jury to find him guilty beyond a reasonable doubt. *United States v. Bell*, 678 F.2d 547, 549 (5th Cir. 1982)(en banc), *aff'd*, 462 U.S. 356 (1983). His challenge to the sufficiency of the evidence in his case therefore is unavailing.

The admission of the Atlanta arrests was not an abuse of discretion. *See United States v. Peterson*, 244 F.3d 385, 392 (5th Cir.), *cert. denied*, 122 S. Ct. 133 (2001). Hayes's possession of crack cocaine during the first Atlanta arrest was probative of his mens rea in his Louisiana transactions. His use of a false driver's license and an alias during both Atlanta arrests, when viewed in the light of testimony that Hayes had been told about his indictment, indicated that he had deliberately avoided detection for several years. *See United States v. Dean*, 59 F.3d 1479, 1486 (5th Cir. 1995); FED. R. EVID. 404(b).

Finally, guideline factors that enhance a sentence within the statutory sentencing range do not implicate *Apprendi*. *United States v. Keith*, 230 F.3d 784, 787 (5th Cir. 2000), *cert. denied*, 531 U.S. 1182 (2001). We are bound by *Keith*. *United States v. Taylor*, 933 F.2d 307, 313 (5th Cir. 1991).

AFFIRMED.