IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-21048
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARMANDO RAMIREZ, JR.; ARMANDO RAMIREZ, SR.,

Defendants-Appellants.

--------------------
Appeals from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-72-2
--------------------
January 31, 2003

Before BARKSDALE, DEMOSS and BENAVIDES, CIRCUIT JUDGES.

PER CURIAM:[*]

Armando Ramirez, Jr., and Armando Ramirez, Sr., appeal from their convictions and sentences for conspiracy to possess with intent to distribute five kilograms or more of cocaine and aiding and abetting the possession with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841 and 846 and 18 U.S.C. § 2. Both defendants argue that the district court erred by enhancing their sentences for leadership roles under

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S.S.G. § 3B1.1.  We conclude based on the trial testimony and information in the presentence reports that it was not implausible that each defendant at some point directed the actions of co-conspirator Eloy Garcia and that it was not clearly erroneous for the district court to apply the enhancements for leadership roles. See United States v. Cooper, 274 F.3d 230, 247 (5th Cir. 2001); United States v. Ocana, 204 F.3d 585, 592 & n.7 (5th Cir. 2000); United States v. Valencia, 44 F.3d 269, 272 (5th Cir. 1995).

The defendants also argue that the district court incorrectly attributed drug quantities to them.  We conclude that, at a minimum, the evidence and testimony at trial was sufficient to hold each defendant responsible under relevant conduct for the drug amounts involved in the June 1999 and January 2000 loads, and therefore the district court did not clearly err in assigning the highest base offense level to each defendant.  See United States v. Buchanan, 70 F.3d 818, 829 (5th Cir. 1995); see also U.S.S.G. §§ 2D1.1, 1B1.3.

The defendants next argue that the Government engaged in prosecutorial misconduct during closing arguments by improperly vouching for the credibility of cooperating witnesses and by misstating the elements of the offense.  The defendants concede that no objection was made in the district court to the alleged misconduct, and therefore our review is for plain error.  See United States v. Washington, 44 F.3d 1271, 1278 (5th Cir. 1995); see also FED. R. CRIM. P. 52(b).  We conclude that the defendants

have not shown plain error in the prosecutor's comments concerning the truthfulness of the witnesses or his comments asking the jury to believe that a telephone conversation involved a discussion of cocaine. See Washington, 44 F.3d at 1278. They have also not shown impropriety in the prosecutor's comments allegedly shifting the burden of proof to them. Moreover, even if the comment was improper, there is no showing that the comment affected their substantial rights given that the district court correctly instructed the jury on burden of proof. See Zafiro v. United States, 506 U.S. 534, 540 (1993)("'juries are presumed to follow their instructions'")(citation omitted). Likewise, the defendants have not shown that the prosecutor misstated the elements of the offense by failing to stress that the jury had to find a drug quantity in order to convict. Further, the district court properly instructed the jury on this element of the offense, and there is no plain error.

Lastly, the defendants rely on Apprendi v. New Jersey, 530 U.S. 466 (2000), to argue that their sentences were improper because the district court, rather than the jury, made determinations under the sentencing guidelines concerning their leadership roles and the specific drug quantities. The defendants concede that the district court's determinations did not increase their sentences beyond the statutory maximum. We have held that guideline factors that enhance a sentence within the statutory sentencing range do not implicate Apprendi. See United States v.

3

<u>Keith</u>, 230 F.3d 784, 787 (5th Cir. 2000). We are bound by this precedent. <u>United States v. Taylor</u>, 933 F.2d 307, 313 (5th Cir. 1991).

AFFIRMED.