United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 14, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 02-31117
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

LIONEL RICHARD, JR

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 01-CR-10010-1
--------------------

Before KING, Chief Judge, and SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

Lionel Richard, Jr., appeals his jury conviction for conspiracy to possess with intent to distribute more than 50 grams of cocaine base, marijuana, and codeine; possession with intent to distribute more than 50 grams of cocaine base; and possession with intent to distribute codeine. He argues that the evidence is insufficient to support his convictions. The evidence established that Richard, James Hampton, and others sold

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

large amounts of marijuana, cocaine base, and codeine syrup in Alexandria, Louisiana, from March 1995 through August 1997. The evidence also established that at the time of Richard's arrest, he and Shundas Oden were traveling by bus from Houston, Texas, to Alexandria, Louisiana, and that Richard had paid Oden to transport more than 50 grams of cocaine base and approximately 225 milliliters of codeine syrup on this trip. Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found that the evidence established beyond a reasonable doubt that Richard knowingly and voluntarily conspired with two or more persons to violate the federal narcotics laws and that he possessed with intent to distribute more than 50 grams of cocaine base and codeine. See United States v. Lopez, 74 F.3d 575, 577 (5th Cir. 1996).

Richard argues that the district court abused its discretion in refusing to strike a prospective juror, Robert Fisher, for cause because he was a supervisor of prisoners who participated in the Rapides Parish Sheriff's Department work release program. Because Fisher was not a deputy, law enforcement officer, or jailer, and because he stated that he could be impartial, the district court did not abuse its discretion in refusing to excuse Fisher for cause. See United States v. Munoz, 15 F.3d 395, 396-98 (5th Cir. 1994).

Richard argues that the district court erred in not submitting the precise drug quantity as an issue for the jury.

Because Richard did not raise this issue in the district court, review is limited to plain error.  See United States v. Rodriquez, 15 F.3d 408, 414-15 (5th Cir. 1994).  Richard's argument is foreclosed by this court's precedent.  See United States v. Keith, 230 F.3d 784, 787 (5th Cir. 2000)(Apprendi v. New Jersey, 530 U.S. 466 (2000), does not apply to cases "in which a sentence is enhanced within the statutory range based upon a finding of drug quantity.").  The indictment alleged and the jury found that the conspiracy and possession offenses involved more than 50 grams of cocaine base.  Because Richard's 316-months sentence does not exceed the statutory maximum sentence of life imprisonment for an offense involving more than 50 grams of cocaine base, Apprendi does not apply.

AFFIRMED.