United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 18, 2003**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 03-20039

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAMNATH RAMCHARAN,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas, Houston Division
H-02-CR-345-6

Before DAVIS, WIENER and STEWART, Circuit Judges.

PER CURIAM:[1]

Ramcharan appeals from his conviction on conspiracy, money laundering and mail fraud

charges raising questions related to the jury charge on his duress defense, the admission of certain

evidence, the calculation of his offense level under the guidelines and denial of his motion for

mistrial. Finding no error, we affirm.

I.

Ramnath Ramcharan was indicted along with six other people, Johnny Staples, Janell

Staples, Don Mitchell, Billy Bob Staples, Teresa Staples and Daniel Terry, for conspiracy

---

[1]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

involving money laundering and mail fraud. Between 1996 and 2002, this group conducted an insurance fraud scheme in which they would purchase houses and insure them and their contents for flood damage. On a designated day when the homeowners were said to be out of town, the group would remove most of the furniture, protect the other furniture from the planned flooding, stock the house with "throw down" furniture and flood the houses. The insured would then report the damage, saying that it was caused by a broken pipe. Other conspirators would represent themselves as general contractors and other service providers to the insurance companies, saying that they were hired to repair the damage. The insured would purport to lease another house to live in from another conspirator while the repairs were supposedly being done and claim that cost as "Alternate Living Expenses" from the insurer. The group would then repeat the process after selling the house to another conspirator and insuring it with another provider. More than $5 million was collected by the co-conspirators under this plan.

Ramcharan allegedly entered the conspiracy in 1999. He was the claimant on two insurance claims. He recruited his mother, his sister and others into the scheme and directed them in the filing of fraudulent claims with the help of Johnny Staples. Ramcharan also orchestrated the damage and fraudulent claim for one property in which Brenda Payne was the claimant without the involvement of Johnny Staples.

Ramcharan did not deny that he participated in the insurance fraud scheme. Rather, he asserted as a defense that he did so under duress resulting from threats from Johnny Staples. He testified that Staples threatened his life and that of his family and threatened his immigration status. Ramcharan also testified that Staples demonstrated his connections to Harris County law enforcement which prevented him from going to the authorities.

2

Ramcharan was convicted by a jury of conspiracy to commit mail fraud and money laundering, in violation of 18 U.S.C. § 371, four counts of aiding and abetting mail fraud, in violation of 18 U.S.C. §§ 1341 and 2, and ten counts of aiding and abetting engaging in monetary transactions involving property derived from specified unlawful activity, in violation of 18 U.S.C. §§ 1956(a)(1)(a)(I) and 2. The district court sentenced him to 135 months imprisonment, 3 years supervised release, restitution and a mandatory special assessment.

## II.

Ramcharan argues first that the jury instruction given by the court on duress was defective. The challenged instruction reads

> The Defendant claims that, if he committed the acts charge in the indictment, he did so only because he was forced to commit the crime.

Ramcharan claims that the instruction is faulty because it failed to use the word "coercion" instead of the word "force," and because it uses the word "if." Because Ramcharan did not deny his involvement in the crime, he argues that the word "if" in the instruction makes him seem insincere and precludes the jury from critically viewing his defense of coercion. Finally, Ramcharan argues that the instruction fails to indicate that it is the government's burden to prove beyond a reasonable doubt that the defendant was not coerced since he put on a defense of coercion, citing United States v. Willis, 38 F.3d 170, 179 (5th Cir. 1994).

This argument is without merit. Ramcharan requested the jury instruction on the affirmative defense of duress. The instruction given is from Fifth Circuit Pattern Jury Instruction 1.36 and Ramcharan did not object. These circumstances do not support a finding of plain error. United States v. Daniels, 281 F.3d 168, 183 (5th Cir. 2002). Ramcharan's burden of proof

3

argument misstates the law. Because duress is an affirmative defense, the burden is on the defendant to establish the defense by a preponderance of the evidence. The Willis case cited by Ramcharan states that although the government must prove its entire case beyond a reasonable doubt, it is not required to prove the absence of duress beyond a reasonable doubt. 38 F.3d at 179, n.12.

### III.

Ramcharan argues next that the district court abused its discretion when it admitted other acts evidence over defense objection in violation of F.R.E. 404(b). The evidence challenged is the questioning of Ramcharan on cross-examination by the prosecutor relating to Ramcharan's relationship with a member of a Columbian drug cartel. Ramcharan had lived with a person that he believed was a hitman for the Medellin drug cartel during a time when he was a confidential informant for law enforcement. Ramcharan submits that this questioning was used to prejudice the jury. Ramcharan did object to this line of questioning.

This court reviews a district court's admission or exclusion of evidence for abuse of discretion. United States v. Wilson, 322 F.3d 353, 359 (5th Cir. 2003). This evidence was clearly relevant to discredit Ramcharan's defense that he committed the crime because he was afraid of one of his co-conspirators. During the questioning, the prosecution was very clear that Ramcharan had associated with the hitman only as a government informant and not as a drug dealer, so the testimony was not for the purpose of eliciting prior bad acts. Also, after overruling his objection, the district court invited Ramcharan to request a curative instruction at the end of the prosecution's cross-examination. He did not make a request. The district court did not abuse its discretion in admitting this testimony.

4

IV.

Ramcharan raises two objections to the calculation of his offense level. First he argues that the two-level upward adjustment under § 2B1.1(b)(8)(C), for use of "sophisticated means," should not be given in conjunction with a two-level adjustment under § 2S1.1(b)(3) for "sophisticated" money laundering, as that results in double counting. He also argues that he should not be classified as a manager or supervisor of a criminal activity.

On his first objection, the adjustments under § 2B1.1(b)(8)(C) and § 2S1.1(b)(3) do not result in double counting because the enhancement under § 2B1.1(b)(8)(C), for use of "sophisticated means" in conjunction with the insurance fraud, was based on different conduct than the adjustment under § 2S1.1(b)(3) for "sophisticated" money laundering. In this circumstance, the use of both enhancements is specifically allowed by commentary note 5(B) to § 2S1.1(b)(3).[2] The PSR sets forth conduct that relates to each enhancement. The district court adopted the guidelines calculations set forth in the PSR. No error occurred with regard to the application of both enhancements.

Second, Ramcharan argues that the district court erred in enhancing his offense level three levels under U.S.S.G. § 3B1.1(b) for being a leader, organizer, manager or supervisor of a criminal activity involving 5 or more participants. The PSR based the enhancement on the allegation that Ramcharan recruited his mother Seudaye Ramcharan, Debbie Ramcharan, Brenda Payne and others into the insurance fraud conspiracy and directed them in the filing of fraudulent

---

[2] That note states,
If subsection (b)(3) applies, and the conduct that forms the basis for an enhancement under the guideline applicable to the underlying offense is the only conduct that forms the basis for application of subsection (b)(3) of this guideline, do not apply subsection (b)(3) of this guideline.

5

claims. Ramcharan objected on the basis that although he used their names on the claims, they were not aware of the fraud. The probation officer informed the court that the family members had to be involved because they signed schedules and forms which listed furniture and other items that did not belong to them. They also endorsed insurance checks over to Ramcharan. Ramcharan did not rebut this evidence. The district court overruled Ramcharan's objections to the PSR and incorporated Ramcharan's leadership role in his sentence calculation. Accordingly, this court will disturb this factual finding only if clearly erroneous. United States v. Taylor, 277 F.3d 721, 724 (5th Cir. 2001). The district court did not commit clear error in imposing this enhancement.[3]

Ramcharan also makes an argument based on Apprendi that his classification as a manager/supervisor may elevate his sentence above the statutory maximum. This argument is without merit. Ramcharan's sentence of 135 months imprisonment is less than the longest statutory maximum allowed for his offenses of conviction (20 years for conspiracy in violation of 18 U.S.C. §§ 371 and 1956(h). Since Ramcharan was not actually sentenced above the statutory maximum, there is no Apprendi violation. United States v. Keith, 230 F.3d 784, 787 (5th Cir. 2000), *cert. denied*, 531 U.S. 1182 (2001).

V.

Finally, Ramcharan argues that the district court should have declared a mistrial as a result of conduct that occurred on the second day of trial. On the second day of trial, a marshal

---

[3] Ramcharan also complains that his offense level was miscalculated on the basis of a reference to a two-level enhancement in the paragraph dealing with the adjustment for role in the offense when the actual calculation used a three-level adjustment. The reference to a two-level enhancement is clearly a clerical error. Section 3B1.1(b) calls for a three-level increase, which is the number correctly used in the calculation of Ramcharan's offense level.

6

apologized to the jury that the trial was starting late because they had neglected to bring the defendant over on time. The district court acknowledged that this could indicate to the jury that the defendant was in custody, which the court would like to avoid. Ramcharan moved for mistrial which the court denied. The vague statement by the marshal is insufficient to make the district court's denial of mistrial an abuse of discretion. United States v. Webster, 750 F.2d 307, 331 (5th Cir. 1985) (No error in denial of mistrial when some of jury panel may have seen defendant in handcuffs.)

## VI.

In summary, we find no error in the conviction or sentence of Ramcharan. AFFIRMED.