**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 21, 2009

Charles R. Fulbruge III
Clerk

No. 08-50908
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LAMONT E KEITH,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:98-CR-81-ALL

Before REAVLEY, DAVIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Lamont E. Keith, federal prisoner # 86855-080, was convicted in 1999 by a jury of possession of cocaine base (crack) with intent to distribute in violation of 21 U.S.C. § 841. *United States v. Keith*, 230 F.3d 784, 785 (5th Cir. 2000). Based on the sentencing judge's determination of drug quantity, and because he had a prior felony drug conviction, the court sentenced him to the mandatory minimum term provided by § 841(b)(1)(A). We rejected on direct appeal Keith's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argument that the imposition of a mandatory minimum based on judicial factfinding violated the Sixth Amendment rule announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *See Keith*, 230 F.3d at 786-87.

Seeking to take advantage of the Sentencing Commission's recent reductions in the offense levels for crack cocaine offenses, Keith filed a motion pursuant to 18 U.S.C. § 3582(c)(2). The district court denied the motion on the basis that it lacked authority to grant a reduction below the mandatory minimum of 20 years.

Keith appeals, arguing that the mandatory minimum does not apply in light of *Apprendi*. According to Keith, drug quantity under § 841(b) is an element for purposes of establishing both the minimum and maximum sentences set out in § 841(b)(1)(A)-(C), and any fact that increases the maximum sentence necessarily increases the minimum sentence. Thus, he contends, *Apprendi* requires that such facts be alleged in the indictment and either admitted by the defendant or found by a jury, and the district court had authority to reduce his sentence.

We are bound to follow our prior decision in *Keith* absent an intervening contrary decision by the Supreme Court or this court en banc. *United States v. Short*, 181 F.3d 620, 624 (5th Cir. 1999). We find no binding authority that overrules or otherwise abrogates the holding in *Keith*. The judgment of the district court is AFFIRMED.