**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 97-20360**
_____


**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**TRAVIS RANDLE,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court
for the Southern District of Texas, Houston Division**

_____

August 26, 2002

ON PETITION FOR REHEARING AND REHEARING EN BANC

Before REYNALDO G. GARZA, JONES, and EMILIO M. GARZA, Circuit
Judges.

EDITH H. JONES, Circuit Judge:

In July 2001, we vacated the appellant's sentence in
light of Apprendi v. New Jersey, 530 U.S. 446, 120 S.Ct. 2348
(2000). See United States v. Randle, 259 F.3d 319 (5th Cir. 2001)
(on remand from the Supreme Court). The United States filed a
petition for rehearing and called into question this circuit's
application of the plain-error standard of review in federal drug

cases where drug quantity had not been alleged in the indictment. We held the mandate in this case while the United States Supreme Court and the Fifth Circuit sitting *en banc* resolved similar Apprendi issues in United States v. Cotton, 122 S.Ct. 803 (2002) (granting petition for a writ of certiorari); United States v. Longoria, 262 F.3d 455 (5th Cir. 2001)(granting petition for rehearing *en banc*).  Cotton and Longoria have been decided, and both parties have submitted supplemental briefs.

The petition for panel rehearing is GRANTED.

IT IS ORDERED that the original panel opinion on the sentencing issues, 259 F.3d 319, be WITHDRAWN and that the following be substituted:

Appellant Travis Randle was convicted of two drug-related offenses in connection with a crack cocaine trafficking ring.  The district court calculated the relevant drug quantity and sentenced Randle to 304 months' imprisonment.  Then came Apprendi v. New Jersey, 530 U.S. 446, 120 S.Ct. 2348 (2000).  The sole issue before the court is whether Randle must be resentenced given that (1) the indictment failed to allege drug quantity, and (2) Randle's sentence exceeds the 240-month "core" maximum under 21 U.S.C. § 841(b)(1)(C).  Having reconsidered this case in light of the Supreme Court's recent decision in United States v. Cotton, 122 S.Ct. 1781 (2002), we AFFIRM the sentence under the plain error standard of review.

## I. BACKGROUND

A grand jury indicted Travis Randle for involvement in a long-running drug conspiracy and for aiding and abetting drug distribution. The indictment did not allege any drug quantities involved in the charged crimes. At a November 1996 trial, the district judge did not instruct the jury to determine the quantity of crack cocaine that Randle was responsible for, and Randle made no request for submission of sentence-related issues to the jury. The jury convicted Randle of both counts.

During sentencing proceedings, Randle's attorney objected to the presentence report's attribution of 390 kilograms of crack to Randle. The attorney noted that the government had actually introduced only 699 grams of crack against Randle and his co-defendants, and he suggested that Randle was responsible for only part of this figure. Randle's attorney did not, however, suggest that the calculation of drug quantity should have been determined by a jury and beyond a reasonable doubt.

The district court rejected the PSR's recommendation as well as Randle's objections and concluded that Randle was responsible for 10 kilograms of crack. It reached this figure by calculating drug quantities that Randle had reportedly given to a witness on specific occasions and at regular intervals over four months. The district court also cited the testimony of two other witnesses. One witness testified that he sold Randle five to seven

kilograms of crack, while the other witness's testimony suggested that Randle was responsible for as much as 390 kilograms of crack. Finally, the court noted the testimony of supporting witnesses indicating that Randle was a major supplier of crack for the Richmond, Texas area. Based on § 2D1.1(c)(1) of the sentencing guidelines, the court assigned Randle a base offense level of 38.

The district court then considered a two-level enhancement under § 2D1.1(b)(1) of the sentencing guidelines for possession of a dangerous weapon. The proposed basis for this enhancement was testimony that a co-conspirator had used Randle's car, which contained a loaded shotgun, to transport drugs on one occasion. The court noted that little direct evidence linked the shotgun to Randle's drug crimes. The court found that the shotgun was sufficiently tied to the crimes to justify the enhancement, but acknowledged that its decision on this point was "difficult" and a "close question."

Based on these findings of fact, the district judge sentenced Randle to 25 years, 4 months in prison. This sentence exceeded the 240-month statutory maximum for Randle's convictions without proof of a minimum drug quantity. See 21 U.S.C. § 841(b)(1)(C).

On appeal to this court, Randle did not raise the government's failure to indict and prove to the jury the facts necessary to support the drug quantity and firearms enhancements. This court affirmed Randle's conviction and sentence, issuing an

3

opinion the same day that the Supreme Court decided <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S.Ct. 2348 (2000).  See <u>United States v. Brown et al.</u>, 217 F.3d 247 (5th Cir. 2000).  Randle's attorney then raised <u>Apprendi</u> issues in a petition for a writ of certiorari.  In a one-sentence order, the Supreme Court remanded this case for further consideration in light of <u>Apprendi</u>'s holding that, "other than a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt."  530 U.S. at 490, 120 S.Ct. at 2362-63.  See <u>Randle v. United States</u>, 531 U.S. 1136, 121 S.Ct. 1072 (2001).

This panel then ordered that Randle be resentenced.  We followed this circuit's prior decisions holding that, even under plain error review, resentencing was required where the government had failed to allege drug quantity in the indictment or submit the issue to the jury.[1]  See, <i>e.g.</i>, <u>United States v. McWaine</u>, 243 F.3d 871, 874-75 (5th Cir. 2001); <u>United States v. Meshack</u>, 225 F.3d 556, 577-78 (5th Cir. 2000).  The Government filed a petition for rehearing and rehearing <i>en banc</i> to reconsider this court's application of plain error analysis in cases where the indictment had not alleged drug quantity.  We held the mandate in this case

---

[1]     "Notwithstanding our belief that no reasonable jury could have found Randle responsible for less than 1.5 kilos of crack, the fact is, they did not so find and were not even inferentially asked to make any such finding. Confronted with similar patterns following <u>Apprendi</u>, this court has, in the cases cited above, reversed the sentences and remanded for resentencing. Consistency, fairness, and protecting the reputation of the proceedings demands that we do likewise here."  <u>Randle</u>, 259 F.3d at 322.

while the United States Supreme Court and the Fifth Circuit sitting *en banc* resolved similar issues in pending cases. Our panel opinion on remand from the Supreme Court now must be reconsidered in light of United States v. Cotton, 122 S.Ct. 1781 (2002), and United States v. Longoria, 2002 WL 1491784, (5th Cir. (Tex.), July 12, 2002).

## II. DISCUSSION

### A. Drug Quantity

Drug trafficking crimes defined in 21 U.S.C. § 841 are governed by Apprendi analysis on the theory that the dramatically tiered sentences for increasing quantities of illegal drugs enhance the "core" statutory maximum of § 841(b)(1)(C). United States v. Doggett, 230 F.3d 160, 163 (5th Cir. 2000). Consequently, drug quantity is considered an Apprendi fact and must be alleged in the indictment and proved to the jury beyond a reasonable doubt if, as here, the government seeks enhanced penalties under § 841(b)(1)(A) or (b)(1)(B). Id. at 164-65.

The Supreme Court held in Cotton that the Government's failure to allege an essential element (e.g., drug quantity) in a federal indictment, if not objected to in the trial court, requires reversal only if the defective indictment caused plain error:

> [B]efore an appellate court can correct an error not raised at trial, there must be (1) "error," (2) that is "plain," and (3) that "affect[s] substantial rights." If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but

5

only if (4) the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.

United States v. Cotton, 122 S.Ct. 1781, 1785 (2002) (quotations and citations omitted).  Cotton makes clear that we must assess the evidence of drug quantity presented at trial to determine whether the indictment's failure to include drug quantity seriously affected the integrity, fairness, or public reputation of the proceedings.  See id. at 1786-87.[2]  The plain-error logic of Cotton also extends to cases, like this, where the Apprendi errors reside in both the absence of an allegation of drug quantity in the indictment and absence of a specific jury finding of drug quantity.  See also United States v. Johnson, 520 U.S. 461, 466-67, 117 S.Ct. 1544 (1977) (failure to instruct jury on element of crime is subject to plain-error analysis).  If the evidence of drug quantity is "overwhelming" and "essentially uncontroverted," then the error cannot be said to have met the fourth prong of the plain error standard.  Cotton, 122 S.Ct. at 1786.[3]

We turn now to the evidence presented at Randle's trial. Randle concedes that the error in the indictment is reviewed for

---

[2]    As we noted in our *en banc* decision in Longoria, Cotton essentially overrules the approach outlined in McWaine and Meshack – the decisions we relied upon in our prior opinion in this case.  See United States v. Longoria, 2002 WL 1491784, *5 (5th Cir.(Tex.)).

[3]    "The real threat . . . to the 'fairness, integrity, and public reputation of judicial proceedings' would be if respondents, despite the overwhelming and uncontroverted evidence that they were involved in a vast drug conspiracy, were to receive a sentence prescribed for those committing less substantial drug offenses because of an error that was never objected to at trial."  Id. at 1787.

6

plain error.  While he objected to the PSR's calculation of drug quantity, he did not raise an Apprendi-type issue at any time in the trial court.

Our analysis of drug quantity under plain-error review is guided by two considerations: the quantity of drugs necessary to trigger an enhanced sentence under § 841(b) and the existence of a large-scale drug-trafficking conspiracy.

As noted above, the statutory maximum sentence for Randle's drug convictions absent a finding of drug quantity would be 20 years' imprisonment.  If the Government had alleged and proved that Randle was responsible for more than 5 grams of crack cocaine, however, then the statutory maximum sentence would have been 40 years' imprisonment.  21 U.S.C. § 841(b)(1)(B)(iii).  The district court sentenced Randle to a prison term of 25 years and 4 months based on the court's finding (by only a preponderance of the evidence) that Randle was responsible for 10 kilograms – more than 2000 times more crack cocaine than would have been necessary to sentence him to 40 years' imprisonment under § 841(b).

In our view, there is overwhelming and incontrovertible evidence that Randle was responsible for much more than 5 grams of crack.  It bears repeating that Randle was part of a large drug-trafficking conspiracy and that he is criminally responsible for all the drugs that he reasonably should have known were involved in the conspiracy.  See United States v. Medina, 161 F.3d 867, 876

7

(5th Cir. 1998)(affirming a drug quantity finding based on the activities of the conspiracy).

Nine defendants, including Travis Randle, were convicted on the conspiracy charge. Six others entered into plea agreements and testified for the prosecution. The cooperating defendants and several police officers testified that Randle was one of the main suppliers of crack cocaine in Richmond, Texas, and that he provided crack to the mid-level members who, in turn, supplied the crack for individual street-level dealers. The conspiracy was alleged to have spanned more than seven years, from early 1989 to mid-1996. See Brown, et al., 217 F.3d at 253-54.

The Government put on abundant evidence at trial that Randle and his co-conspirators bought and sold large quantities of crack cocaine – far more than the 5 grams necessary to trigger a 40-year enhanced sentence under the drug statutes, and (incidentally) more than the 1.5 kilograms necessary to maintain Randle's base offense level of 38 under the sentencing guidelines. Considering the overwhelming evidence of drug quantity, we conclude that the failure of the indictment and jury charge specifically to include quantity does not seriously affect the integrity, fairness, or public reputation of the criminal proceedings against Randle.

B. Weapons Possession

Randle also argues that <u>Apprendi</u> applies to the district court's failure to submit the two-level sentencing enhancement for weapons possession to the jury. Section 2D1.1(b)(1) of the guidelines mandates a two-level enhancement for possession of a firearm "unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1, cmt. 3 (2000). Here, little evidence connected Randle's shotgun to drug activity. While acknowledging that it was a close call, the district judge found by a preponderance of the evidence that a connection between Randle's shotgun and his drug crimes was not clearly improbable.

The enhancement poses no <u>Apprendi</u> problem, however. As the Eleventh Circuit explained,

> <u>Apprendi</u> does not apply to judge-made determinations pursuant to the Sentencing Guidelines. . . . A factual finding under the Guidelines determines the sentence within the statutory range rather than outside it. Because <u>Apprendi</u> only addresses facts that increase the penalty for a crime beyond the statutory maximum, it does not apply to those findings that merely cause the guideline range to shift within the statutory range.

<u>United States v. Sanchez</u>, 269 F.3d 1250, 1262 (11th Cir. 2001)(en banc). Stated differently, the application of an enhancement called for by the guidelines cannot be used to impose any sentence beyond the statutory maximum prescribed by an offense. <u>United States v. Doggett</u>, 230 F.3d 160, 166 (5th Cir. 2000).

If the statutory maximum had been 20 years, the weapon-possession enhancement could not have increased the term of

9

imprisonment. But, as the discussion in the previous section indicates, the evidence of drug quantity presented at trial was so compelling that Randle undoubtedly would have been subject to an enhanced sentence, and a finding of only 5 grams would have subjected Randle to a statutory maximum of 40 years. Under these circumstances, the weapon-possession enhancement places the sentencing guidelines' range well within the statutory maximum.

## C. Other Issues

Despite the procedural posture of this appeal,[4] Randle urges this panel to reconsider its previous ruling that he waived his right to testify at trial. See Brown, 217 F.3d at 258-59. We see no reason to depart from our earlier analysis of the issue.

The Government also seeks reconsideration of this circuit's interpretation of U.S.S.G. § 5G1.2(d)(sentencing on multiple counts) in United States v. Vasquez-Zamora, 253 F.3d 211, 214 (5th Cir. 2001). The Government acknowledges, however, that overruling Vasquez-Zamora will require a rehearing *en banc* and also that this panel's affirmance of Randle's sentence under Cotton makes it unnecessary to resolve the issue.

## III. CONCLUSION

Based on the above discussion, we conclude that Randle need not be resentenced even though the element of drug quantity

---

[4] Randle raised the right-to-testify issue in his petition for a writ of certiorari. The Supreme Court granted the petition and remanded the case to this court "for further consideration in light of Apprendi." Randle v. United States, 531 U.S. 1136, 121 S.Ct. 1072 (2001).

10

was neither included in the indictment nor submitted to the jury. The Government presented overwhelming evidence at trial linking Randle and his co-conspirators to large quantities of crack cocaine. Applying <u>Cotton</u> to the facts before us, we hold that the <u>Apprendi</u> error does not seriously affect the integrity, fairness, or public reputation of the criminal proceedings and that Randle's 304-month prison sentence is **AFFIRMED.**