In the

# United States Court of Appeals

### For the Seventh Circuit

No. 01-3000

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

CARLOS D. KNOX,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 4:00CR400072-001—**J. Phil Gilbert**, *Judge.*

ARGUED FEBRUARY 15, 2002—DECIDED AUGUST 28, 2002

Before ROVNER, DIANE P. WOOD, and EVANS, *Circuit Judges.*

ROVNER, *Circuit Judge.* A jury found Carlos Knox guilty on two counts of possessing crack cocaine with the intent to distribute, 21 U.S.C. § 841(a)(1). The district court sentenced him to 240 months' imprisonment on the first count and 180 months' imprisonment on the second count, to be served consecutively. The district court also imposed concurrent terms of 3 years' supervised release, a fine of $500 for each count, and special assessments totaling $200. On appeal Knox contends that the district court improperly admitted evidence of his prior bad acts, that his trial counsel had a conflict of interest, and that he was sentenced in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). We affirm.

## I. Background

Once in January 1999 and again in June 2000, Knox sold crack cocaine to buyers cooperating with law enforcement agents. He was arrested on federal drug charges in August 2000 and went to trial the following December. At trial the government introduced evidence of nine other drug transactions in which Knox had participated. Each time before admitting the evidence the district court instructed the jury that the evidence was being offered for the limited purpose of showing Knox's knowledge and intent, not for the purpose of showing his propensity to commit the charged crimes. *See* Fed. R. Evid. 404(b). Defense counsel's only objection to the admission of the Rule 404(b) evidence was to the playing of an audiotape of a controlled buy that occurred approximately one month before the January 1999 transaction:

MR. VANNI:   I realize the Court is letting this evidence in. It's Rule 404(b) evidence, but nonetheless, I do want to make, for the record, an objection to the playing of this particular tape of this particular transaction on December 3rd on the basis that Mr. Knox is not charged with this particular transaction.

THE COURT:  Okay.

MR. VANNI:   I want to make that for the record.

THE COURT:  Okay. Your objection has been noted.

MR. MOORE:  I assume it's overruled.

THE COURT:  Yes.

After the jury found him guilty, Knox submitted a *pro se* motion seeking to overturn the verdict on the ground that his attorney had a conflict of interest because he previously represented government witness Charrod Patton in a

separate criminal case. In addition, Knox wrote a letter informing his attorney that he had reported him to the Illinois Attorney Registration and Disciplinary Commission and that Knox wanted him to withdraw from the case. Accordingly, Knox's attorney moved to withdraw, and the district court granted the motion. The district court then denied Knox's *pro se* motion without comment and appointed new counsel. The district court did not conduct a hearing to determine whether Knox's first attorney had also represented Patton.

Knox's new counsel represented him at sentencing and contested the amount of cocaine attributed to Knox. He also argued against imposing a two-level upward adjustment for obstruction of justice. Based on the presentence investigation report and the testimony of a law enforcement officer who recounted a proffer from a government witness, the district court concluded that 23 ounces of crack cocaine and 5 ounces of powder cocaine were attributable to Knox. The district court also concluded that Knox deserved a two-level increase for obstruction of justice because at trial he perjured himself by specifically denying various drug transactions that the court found had occurred. *See* U.S.S.G. § 3C1.1. Thus, Knox had an offense level of 38 and a criminal history category of VI, resulting in a guidelines range of 360 months' to life imprisonment. Recognizing that the statutory maximum sentence for each count was 20 years' imprisonment, 21 U.S.C. § 841(b)(1)(C), the district court sentenced Knox to 240 months' incarceration on count one to be followed by 180 months' incarceration on count two.

## II. Discussion

### A. Rule 404(b)

Knox first argues that the district court erred in admitting under Rule 404(b) evidence of nine bad acts. Such

evidence is inadmissible if it is offered to show that the defendant's charged conduct conformed to his previous behavior. Fed. R. Evid. 404(b); *United States v. Curtis*, 280 F.3d 798, 801 (7th Cir. 2002). But evidence of a defendant's bad acts is admissible if it (1) is relevant to a matter other than the defendant's propensity to commit a crime; (2) is similar and close enough in time to be relevant to the matter at issue; (3) is sufficient to support a jury finding that the defendant committed the similar act; and (4) has a probative value that is not substantially outweighed by the danger of unfair prejudice. *United States v. Conley*, 291 F.3d 464, 472 (7th Cir. 2002).

The government contends that Knox forfeited his Rule 404(b) argument because he objected to only one piece of Rule 404(b) evidence and, according to the government, that objection was too ambiguous to preserve the issue for appeal. We agree that Knox forfeited his right to challenge the admission of Rule 404(b) evidence to which he did not object at trial, and we thus review the admission of that evidence only for plain error. *See United States v. Gibson*, 170 F.3d 673, 681 n.4 (7th Cir. 1999). But Knox's objection to an audiotape of a controlled buy in December 1998 is arguably based on the final factor of the Rule 404(b) test because he identified the relevant rule and objected to the playing of the audiotape immediately after a government witness recounted its content. We need not decide, however, whether Knox's objection sufficiently preserved the Rule 404(b) issue for appeal because Knox's argument fails even if we were to review it for an abuse of discretion. *See Okai v. Verfuth*, 275 F.3d 606, 610 (7th Cir. 2001).

Knox concedes that the evidence of his bad acts "may satisfy the first three parts" of the Rule 404(b) test. Knox instead contends that the cumulative prejudice from the admission of nine other drug transactions overwhelmed the district court's limiting instructions to the jury. He fur-

ther argues that the admission of the audiotape of the December 1998 controlled buy overwhelmed the instructions because two other witnesses had already testified to that controlled buy. We presume, however, that the jury followed the district court's instructions to consider the Rule 404(b) evidence only for the purpose of evaluating Knox's knowledge that he possessed crack and his intent to distribute, not for his propensity to commit the crimes charged. *See United States v. Miller*, 276 F.3d 370, 375 (7th Cir. 2002); *United States v. Scop*, 940 F.2d 1004, 1008 (7th Cir. 1991). Moreover, "intent to distribute drugs and knowledge that a particular substance is a narcotic often are proven through testimony about prior sales of controlled substances." *United States v. Jones*, 248 F.3d 671, 675 (7th Cir.), *cert. denied*, 122 S. Ct. 283 (2001); *see also United States v. Denberg*, 212 F.3d 987, 993-94 (7th Cir. 2000) (collecting cases). And the government must prove a defendant's intent to distribute even when that defendant does not claim to have acted with innocent intentions. *Jones*, 248 F.3d at 675; *United States v. Brown*, 34 F.3d 569, 573 (7th Cir. 1994). Thus, we find no abuse of discretion or plain error because the trial judge was in a better position to analyze the cumulative effect of the Rule 404(b) evidence and to determine whether that evidence was needed to prove knowledge and intent. *See Brown*, 34 F.3d at 574; *United States v. Nolan*, 910 F.2d 1553, 1559, 1561 (7th Cir. 2000) (no abuse of discretion in admitting evidence of seventeen prior bank robberies because, in part, the evidence was relevant to defendant's intent to commit larceny).

## B. *Apprendi*

Knox next contends that his sentences violate *Apprendi* because two facts not decided by the jury increased his prison terms beyond the statutory maximum: (1) the

amount of cocaine attributed to him; and (2) his perjury at trial. But a particular sentence does not even implicate *Apprendi* unless it exceeds a default statutory maximum, *United States v. Jones*, 245 F.3d 645, 649 (7th Cir. 2001), and for distributing less than five grams of cocaine the default maximum prison term is 20 years. 21 U.S.C. § 841(b)(1)(C). Thus, because neither of Knox's prison terms—240 months on count one and 180 months on count two—exceeds that maximum, *Apprendi* is irrelevant. Moreover, *Apprendi* is never relevant to guidelines calculations. *United States v. Behrman*, 235 F.3d 1049, 1054 (7th Cir. 2000); *Talbott v. Indiana*, 226 F.3d 866, 869 (7th Cir. 2000); *Hernandez v. United States*, 226 F.3d 839, 841-42 (7th Cir. 2000).

Knox, however, contends that his aggregate 420-month prison sentence implicates *Apprendi* because the grouping of his drug offenses under U.S.S.G. § 3D1.2(d) mandated a statutory maximum sentence of 360 months' incarceration. *See* U.S.S.G. § 3D1.2(d); 21 U.S.C. § 841(b)(1)(C). That argument is without merit because grouping multiple counts under § 3D1.2(d) merely affects the offense level used in establishing a guidelines range and cannot change a statutory penalty. *See United States v. Knox*, 287 F.3d 667, 669 (7th Cir. 2002); *United States v. Parolin*, 239 F.3d 922, 930 (7th Cir.), *cert. denied*, 533 U.S. 923 (2001); *United States v. Feola*, 275 F.3d 216, 219-20 (2d Cir. 2001). Thus, Knox's statutory maximum prison sentence for each count remained at 20 years, and the terms imposed did not violate *Apprendi* because they did not exceed that maximum.

## C. Conflict of Interest

Finally, Knox argues in his briefs that the district court erred by not conducting a hearing to determine whether his trial attorney also represented a government witness

in a separate criminal proceeding. But at oral argument we asked Knox whether he wished to withdraw this argument so that he could preserve his ability to raise it later in a collateral attack. *See United States v. Hardamon*, 188 F.3d 843, 847 (7th Cir. 1999). Because Knox chose to withdraw the argument, we will not discuss the issue further.

## III. Conclusion

Accordingly, we AFFIRM Knox's convictions and sentences.

A true Copy:

       Teste:

               _____
               *Clerk of the United States Court of*
               *Appeals for the Seventh Circuit*