**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 02-50265

(Summary Calendar)

_____

UNITED STATES OF AMERICA,

                                   Plaintiff-Appellee,

versus

JUAN MANUEL ENRIQUEZ,

                                   Defendant-Appellant.

_____

Appeal from the United States District Court
For the Western District of Texas
USDC No. EP-01-CR-1224-ALL-DB

_____

January 29, 2003

Before DAVIS, WIENER and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

    Juan Manuel Enriquez appeals his conviction and sentence for intentionally and forcibly

assaulting Inspector Ricardo Lopez, a federal officer, in violation of 18 U.S.C. § 111.  Enriquez

---

[*]    Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

argues that his conviction should be reversed because the district court failed to instruct the jury on self-defense and because of allegedly improper comments made by the prosecutor during closing argument. Enriquez also claims that the district court plainly erred in increasing his sentencing range by four levels.

Enriquez failed to raise any of these claims in the district court, so we review each claim for plain error. *See United States v. Randle*, 304 F.3d 373, 376-77 (5th Cir. 2002).

First, Enriquez argues that the district court should have instructed the jury on self-defense. According to Enriquez, the district court should have advised the jury that Enriquez may not have known that Inspector Lopez was a federal officer, and that Enriquez may have believed he was defending himself against a private citizen. However, Enriquez admitted on cross-examination that "there was no doubt" in his mind that Inspector Lopez was a federal officer. Thus, the district court did not err in declining to give the self-defense instruction.

Second, Enriquez argues that the district court plainly erred in allowing the prosecutor to make certain statements during closing argument. Enriquez contends that the prosecutor improperly attempted to shift the burden of proof and create a preponderance of the evidence standard by informing the jury that its decision would largely turn on how it judged the credibility of Enriquez and Lopez. However, the prosecutor made clear during his closing argument that the government had the burden to prove the defendant's guilt beyond a reasonable doubt. Thus, the prosecutor's comments do not require reversal of Enriquez's conviction.

Enriquez also challenges the prosecutor's statements indicating that Inspector Lopez had never been reprimanded for fighting and suggesting that Lopez had sterling record. Enriquez contends that the prosecutor argued facts that were outside the record and improperly bolstered

Inspector Lopez's credibility. The prosecutor's comments did not constitute argument outside the record. Another customs officer testified that he had never heard of a similar altercation between a customs inspector and an individual who, like Enriquez, was attempting to transport a vehicle into Mexico. The prosecutor's suggestion that Lopez had never been involved in such an altercation was a proper interpretation of that testimony. To the extent that the prosecutor's comments improperly bolstered Lopez's credibility, the statements did not seriously undermine the fairness of the proceeding. Thus, the comments do not warrant reversal of Enriquez's conviction. *See United States v. Taylor*, 210 F.3d 311, 318 (5th Cir. 2000). ("In this context, plain error results if the prosecutor's comments seriously affected the fairness, integrity, or public reputation of a judicial proceeding and resulted in a miscarriage of justice.") (internal quotation marks omitted).

Finally, Enriquez argues that the district court plainly erred in increasing Enriquez's sentencing range by four levels for causing "serious bodily injury" to Inspector Lopez. *See* U.S. SENTENCING GUIDELINES MANUAL § 2A2.2(b)(3)(B). However, Lopez's injuries fell within the Sentencing Guidelines' definition of "serious bodily injury" because they necessitated physical rehabilitation. *See id.* § 1B1.1, cmt. n.1(I). The district court did not plainly err in assessing the four-level enhancement.

AFFIRMED.