IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-51244
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BILLY BROOKS, JR.,

Defendant-Appellant.

- - - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-00-CR-24-1
- - - - - - - - - - -
February 20, 2003

Before WIENER, EMILIO M. GARZA, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Billy Brooks, Jr., appeals the sentence imposed following his guilty plea conviction of possessing an unspecified amount of cocaine base with the intent to distribute it in violation of 21 U.S.C. § 841(a)(1). Brooks contends that his sentence violates Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), because the district court increased his base offense level and recommended sentencing range under the United States Sentencing Guidelines

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

based on a finding that his offense involved 58 grams of cocaine base. Brooks contends that the facts relating to drug quantity should have been alleged in his indictment because they increased the maximum upper limit of his applicable guideline range. He argues that Apprendi applies in his case because his applicable sentencing guideline range limited the court's sentencing authority and, in effect, provided the statutory maximum term of imprisonment available for his offense. Brooks acknowledges that his argument is foreclosed by this court's precedent. He raises the issue to preserve it for possible Supreme Court review.

This court has repeatedly held that Apprendi does not invalidate a sentencing court's factual findings (such as drug quantity) for the purposes of determining the applicable Sentencing Guidelines in cases where those findings cause a defendant's guideline range to shift only within the statutory range. See United States v. Doggett, 230 F.3d 160, 166 (5th Cir. 2000); see also United States v. Randle, 304 F.3d 373, 378 (5th Cir. 2002); United States v. Keith, 230 F.3d 784, 787 (5th Cir. 2000). An Apprendi violation occurs only if a fact not alleged in the indictment, such as drug quantity, is used to increase a sentence beyond the statutory maximum otherwise applicable for the offense. See Keith, 230 F.3d at 787. Brooks's argument is indeed foreclosed.

Under this court's precedent, no Apprendi violation occurred in Brooks's case. Notwithstanding the 58 grams of cocaine base

that were considered by the district court in arriving at Brooks's 188-month sentence, the sentence does not exceed the 20-year statutory maximum term of imprisonment that may be imposed for possessing an unspecified amount of cocaine base. See 21 U.S.C. § 841(b)(1)(C). The judgment of the district court is AFFIRMED.

The Government has moved for a summary affirmance in lieu of filing an appellee's brief. In its motion, the Government asks that an appellee's brief not be required. The motion is GRANTED.

AFFIRMED; MOTION GRANTED.