UNITED STATES of America, Plaintiff–Appellee,

v.

Anthony Juan MACLIN, Defendant–Appellant.

No. 02–3579.

United States Court of Appeals, Seventh Circuit.

Submitted April 1, 2003.

Decided April 2, 2003.

Before FAIRCHILD, BAUER, and KANNE, Circuit Judges.

### ORDER

Anthony Maclin was convicted after a jury trial of conspiracy to distribute crack, 21 U.S.C. §§ 846, 841(a)(1), and two counts of distributing crack, *id.* § 841(a)(1). The district court sentenced him to two life terms plus another 262 months, all to run concurrently. Maclin filed a notice of appeal, but his appointed counsel now seeks to withdraw under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because she is unable to find a nonfrivolous issue for appeal. Pursuant to Circuit Rule 51(b), Maclin was invited to respond to counsel's motion to withdraw, but he failed to do so. Because counsel's brief is facially adequate, we limit our review of the record to those potential issues identified in it. *See United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997). We agree with counsel that the potential issues she discusses would be frivolous and therefore grant the motion to withdraw and dismiss Maclin's appeal.

Maclin's convictions stem from two crack sales to a confidential informant in February and April 2001. On both occasions Maclin's co-defendant, Adam Williams, negotiated the sale with the informant, and then Maclin made the deliveries. In February 2001, in a conversation monitored by DEA agents, the informant spoke with Williams about buying two ounces of crack. Accompanied by undercover officer Leslie Smith, the informant went to a residence in Hammond, Indiana, to complete the transaction. Maclin answered the door and left with Officer Smith and the informant in their car, where he handed the informant 28 grams of crack. As before, the informant and Officer Smith picked up Maclin at the same Hammond residence, although this time Maclin gave the informant 56.2 grams of crack.

■ In her *Anders* brief, counsel first considers whether Maclin could argue that the district court abused its discretion in admitting evidence of his arrest and statement in connection with an unrelated drug sale. Maclin was arrested in Calumet City in March 2001 during an undercover buy of 220 grams of crack cocaine. The government sought to admit evidence of this transaction to prove his intent to commit the charged crimes. Counsel correctly points out that it would be frivolous to argue that the statement Maclin made in connection with the Calument City arrest was inadmissible hearsay. Federal Rule of Evidence 801(d)(2)(A) says that a party's own statements are not hearsay. Fed. R.Evid. 801 801(d)(2)(A); *see also United States v. Woods,* 301 F.3d 556, 561 (7th Cir.2002). Counsel also correctly points out that it would be frivolous to argue that evidence of Maclin's other drug sales was inadmissible under Rule 404(b). Rule 404(b) prohibits using "other crimes" evidence to show the defendant's propensity for criminal behavior. Fed.R.Evid. 404(b).

But evidence of other crimes is permitted if: (1) it is offered to show a matter in issue other than the defendant's propensity to commit crime; (2) the other act is similar enough and close enough in time to be relevant to the matter in issue; (3) there is sufficient evidence to support a jury finding that the defendant committed the other act; and (4) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. *See United States v. Anifowoshe,* 307 F.3d 643, 646 (7th Cir.2002). Counsel correctly notes that it would be frivolous to argue that the district court abused its discretion is applying the four-part test in this case. In order to prove Maclin's intent to distribute the drugs in his possession on this occasion, the government presented evidence that Maclin previously distributed drugs in his possession. And we have held other drug sales to be probative of intent to distribute on a particular occasion. *See, e.g., United States v. Knox,* 301 F.3d 616, 619–20 (7th Cir.200). Because the Calumet City transaction occurred in between the two transactions at issue in this case, counsel notes that it would be frivolous to argue that it was not close enough in time to be relevant. Regarding the prejudicial effect of the evidence, counsel correctly notes that it would be frivolous to argue that it was unduly prejudicial because the court gave the jury a limiting instruction to counter any unfair prejudice. *See, e.g., United States v. Coleman,* 179 F.3d 1056, 1062 (7th Cir.1999). Finally, counsel notes that it would be frivolous to argue that there was insufficient evidence to support a jury finding that the Calumet City transaction occurred because the government presented to testimony of Officer Marlon Parks, who purchased cocaine from Maclin while she was working undercover.

■ Counsel next considers whether Maclin could argue that the government presented insufficient evidence of an agreement between him and Williams to support the conspiracy conviction. In analyzing a challenge to the sufficiency of the evidence, we would examine the evidence in the light most favorable to the prosecution, asking whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (emphasis in original); *United States v. Bolden,* 279 F.3d 498, 501 (7th Cir.2002). To demonstrate that there was an agreement between Maclin and Williams, the government presented evidence that Maclin carried out the sales of crack that Williams had set up with the confidential informant. We agree with counsel that it would be frivolous to argue that no rational trier of fact could have found that the two men agreed to distribute the crack.

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.