In the

# United States Court of Appeals

## For the Seventh Circuit

No. 02-3971

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

JAMES E. JOHNSON,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 97 CR 211—**Charles N. Clevert, Jr.,** *Judge.*

ARGUED JUNE 11, 2003—DECIDED JULY 9, 2003

Before POSNER, COFFEY and RIPPLE, *Circuit Judges.*

PER CURIAM. A jury found James Johnson guilty of conspiracy to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. His first sentence was vacated and, at resentencing, the district court imposed a term of 210 months' imprisonment and five years' supervised release. Mr. Johnson now appeals this sentence. He argues that the district court enhanced the sentence in violation of *Apprendi v. New Jersey,* 530 U.S. 466 (2000), when it calculated the drug quantity involved in the offense without submitting that issue to a jury. Mr. Johnson acknowledges our precedent holding that *Apprendi* does not affect the application of the Sen-

tencing Guidelines as long as the sentence is within the statutory maximum. Nevertheless, he requests that we reconsider this issue in light of the Supreme Court's decision in *Ring v. Arizona*, 536 U.S. 584 (2002). For the reasons set forth in the following opinion, we affirm the judgment of the district court.

# I

## BACKGROUND

The facts in this case are not at issue; we set forth a plenary rendition in our earlier decision in *United States v. Johnson*, 200 F.3d 529, 531-32 (7th Cir. 2000). We shall summarize here.

Mr. Johnson distributed cocaine for many years, beginning around 1979. From 1995 until his arrest in November 1997, he obtained cocaine from Michael Blake and Gordon Hagenkord, both of whom had received the cocaine from Candelario Nevarez-Diaz. When cocaine was available, Blake and Hagenkord delivered it to Mr. Johnson; on those occasions (every few weeks), Mr. Johnson paid them for previous deliveries. Most deliveries involved between one and four kilograms of cocaine. Although Blake was arrested in July 1997, Mr. Johnson continued thereafter to obtain cocaine from Hagenkord and another associate.

After his arrest, Blake agreed to cooperate with the government and record several conversations with Mr. Johnson about buying cocaine. At one meeting, Mr. Johnson provided Blake $5,000 toward the purchase of a kilogram or more of cocaine. Through Blake's cooperation, Mr. Johnson was arrested in November 1997 in connection with the drug conspiracy.

At his trial in October 1998, Mr. Johnson testified that he was not involved in the conspiracy. Blake, however, testi-

fied as the government's primary witness, and audio tapes of his conversations with Mr. Johnson were admitted into evidence. *Id.* These conversations corroborated Blake's testimony that he fronted cocaine to Mr. Johnson and that Mr. Johnson willingly participated in the conspiracy. Blake specifically testified that he supplied Mr. Johnson with between three and four kilograms of cocaine every ten to twelve days from 1995 until his arrest and that Mr. Johnson sold the cocaine on credit for approximately $27,000 per kilogram. Blake estimated that between January 1, 1996 and July 24, 1997, he supplied Mr. Johnson with between thirty-five and forty-five kilograms of cocaine. *Id.* Similarly, the government estimated, based on the recollection of witnesses at trial, that Mr. Johnson distributed approximately two kilograms of cocaine a month for twenty-one months, a total of forty-two kilograms. At the conclusion of the trial, the jury returned a verdict of guilty on one count of conspiracy to distribute and possession with intent to distribute cocaine.

Mr. Johnson was sentenced originally in 1999. The district court determined that he was responsible for 42 kilograms of cocaine. After finding that Mr. Johnson had been convicted of at least three controlled substance offenses in the past, the court applied the Armed Career Criminal Act. The court sentenced him to 360 months' imprisonment. We affirmed that judgment. *See Johnson*, 200 F.3d at 531. One of Mr. Johnson's prior convictions was later vacated, however, and Mr. Johnson filed a motion under 28 U.S.C. § 2255 seeking resentencing because the Armed Career Criminal Act no longer applied. At resentencing in October 2002, the district court calculated an offense level of 34, a criminal history category of IV, and a guideline imprisonment range of 210 to 262 months. The court then sentenced him to 210 months' imprisonment and five years' supervised release.

## II

## DISCUSSION

The Supreme Court's decision in *Apprendi* establishes the general rule that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. However, a particular sentence does not implicate *Apprendi* "unless it exceeds a default statutory maximum." *United States v. Knox*, 301 F.3d 616, 620 (7th Cir. 2002). The maximum sentence permitted for distributing more than five grams of cocaine is life in prison. 21 U.S.C. § 841(b)(1)(A). Because Mr. Johnson's sentence—210 months' imprisonment and five years' supervised release—is less than the statutory maximum prescribed by the statute of conviction, *Apprendi* does not apply. *United States v. De La Torre*, 327 F.3d 605, 611 (7th Cir. 2003); *United States v. Holman*, 314 F.3d 837, 846 (7th Cir. 2002), *cert. denied*, 123 S. Ct. 2238 (2003); *United States v. Brumfield*, 301 F.3d 724, 734-35 (7th Cir.), *cert. denied*, 123 S. Ct. 681 (2002).

Mr. Johnson nevertheless argues that his sentence violates *Apprendi* because the district court rather than a jury determined the quantity of cocaine and that determination increased his recommended sentence under the Sentencing Guidelines. Mr. Johnson concedes that we have rejected this argument before but submits that the Supreme Court's recent decision in *Ring* requires us to reconsider that position. In *Ring*, the Court held that, under *Apprendi*, additional facts increasing a statutory maximum punishment from life imprisonment to death must be submitted to the jury and proven beyond a reasonable doubt. 536 U.S. at 609. Mr. Johnson does not argue that *Ring*'s precise holding requires us to reconsider our application of *Apprendi*; rather, he contends that the Court's

discussion of the Sentencing Guidelines took a "functional approach" and analyzed the guidelines as " 'laws' that prescribe the maximum authorized sentence within the meaning of *Apprendi*, even though those adjustments are not expressed as elements of the criminal offense." Appellant's Br. at 11. He thus contends that the guidelines are sentencing laws that "must be viewed as setting the maximum prescribed sentence for purposes of the constitutional principle in *Apprendi*." *Id.* at 14. Accordingly, Mr. Johnson concludes, we should reconsider our application of *Apprendi* and determine that "the principle *Apprendi* established should apply to the Guidelines." *Id.* at 15.

But as the government notes, both the Supreme Court and our sister circuits have repeatedly affirmed that the Guidelines should be treated as rules rather than as statutes. Consequently, facts affecting sentencing determinations need not be determined by a jury as long as the sentence imposed does not exceed the maximum penalty set forth in the statute.[1] *Ring* does not suggest a contrary

---

[1] *See, e.g., Talbott v. State of Indiana*, 226 F.3d 866, 869 (7th Cir. 2000); *United States v. Davis*, 329 F.3d 1250, 1254-55 (11th Cir. 2003); *United States v. Goodine*, 326 F.3d 26, 32-34 (1st Cir. 2003); *United States v. Fields*, 325 F.3d 286, 288-89 (D.C. Cir. 2003); *United States v. Chorin*, 322 F.3d 274, 278-79 (3d Cir. 2003); *United States v. Murillo-Iniguez*, 318 F.3d 709, 713-14 (6th Cir. 2003); *United States v. Piggie*, 316 F.3d 789, 791-92 (8th Cir. 2003); *United States v. Shwayder*, 312 F.3d 1109, 1122 (9th Cir. 2002); *United States v. Luciano*, 311 F.3d 146, 149-53 (2d Cir. 2002); *United States v. Cannady*, 283 F.3d 641, 649 (4th Cir.), *cert. denied*, 123 S. Ct. 38 (2002); *United States v. Randle*, 304 F.3d 373, 378 (5th Cir. 2002), *cert. denied*, 123 S. Ct. 1748 (2003); *United States v.*

(continued...)

conclusion. Indeed, since the Supreme Court's decision in *Ring*, we have rejected arguments that facts raising the guidelines maximum should be subject to *Apprendi. See, e.g., De La Torre*, 327 F.3d at 611 ("*Apprendi* . . . does not affect the Guideline calculations that determine the . . . total sentence of imprisonment."); *Knox*, 301 F.3d at 620 (changing the offense level does not impact the statutory penalty and so does not implicate *Apprendi*); *Brumfield*, 301 F.3d at 734-35 ("'*Apprendi* does not create [for the defendant] a right to jury determination of the drug quantity.'") (quoting *United States v. Parker*, 245 F.3d 974, 977 (7th Cir. 2001)).

Because Mr. Johnson's sentence did not exceed the statutory maximum penalty for his crime, *Apprendi* does not apply to the district court's determination of the amount of cocaine he distributed. Accordingly, the district court appropriately determined drug quantity based on a preponderance of the evidence. *United States v. Martinez*, 301 F.3d 860, 865 (7th Cir. 2002), *cert. denied*, 123 S. Ct. 923 (2003). Mr. Johnson does not argue that the evidence was insufficient under that standard. *See Holman v. Indiana*, 211 F.3d 399, 406 (7th Cir. 2000) (arguments not raised on appeal are waived). Indeed, the record supports the district court's findings. *See United States v. Anderson*, 259 F.3d 853, 858 (7th Cir. 2001) (district court's sentencing determinations given great deference).

## Conclusion

Mr. Johnson's sentence did not exceed the statutory maximum for his crime, and thus *Apprendi* does not

---

[1] (...continued)
*Jackson*, 240 F.3d 1245, 1249 (10th Cir.), *cert. denied*, 534 U.S. 847 (2001).

apply. Mr. Johnson argues to the contrary, but established precedent in this circuit requires affirmance, and *Ring* does not compel a different result. For the foregoing reasons, we affirm the judgment of the district court.

AFFIRMED

A true Copy:

      Teste:

_____

*Clerk of the United States Court of Appeals for the Seventh Circuit*