United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 21, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-11090
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE RAUL CORDERO-LUCIO, also
known as Joe Raul Cordero,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:03-CR-54-ALL-C
--------------------

Before JOLLY, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Jose Raul Cordero-Lucio appeals the sentence imposed

following his guilty plea conviction of sexual abuse of a minor

in violation of 18 U.S.C. § 2243(a).  Cordero-Lucio argues that

under the reasoning of Apprendi v. New Jersey, 530 U.S. 466

(2000), a fact must be alleged in the indictment before it may be

used to increase the maximum guideline sentence.  Cordero-Lucio

acknowledges that his contention is foreclosed by this court's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

decision in United States v. Randle, 304 F.3d 373 (5th Cir. 2002).

In Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), the Supreme Court held that the enhanced penalties in 8 U.S.C. § 1326(b) are sentencing provisions, not elements of separate offenses. The Court further held that the sentencing provisions do not violate the Due Process Clause. Id. at 239-47. Cordero-Lucio acknowledges that his argument is foreclosed by Almendarez-Torres, but asserts that the decision has been cast into doubt by subsequent Supreme Court decisions, including Apprendi v. New Jersey, 530 U.S. 466, 490 (2000). He seeks to preserve his argument for further review.

Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000). This court must follow Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it." Dabeit, 231 F.3d at 984 (internal quotation marks and citation omitted). The judgment of the district court is AFFIRMED.

The Government has moved for a summary affirmance in lieu of filing an appellee's brief. In its motion, the Government asks that an appellee's brief not be required. The motion is GRANTED.

AFFIRMED; MOTION GRANTED.