**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Vertran M. WHEATON, Defendant–
Appellant.**

No. 03–4354.

United States Court of Appeals,
Seventh Circuit.

Submitted Aug. 31, 2004.

Decided Sept. 1, 2004.

Robert N. Trgovich, Office of the United States Attorney, Fort Wayne, IN, for Plaintiff–Appellee.

Thomas N. O'Malley, Arata Law Firm, Fort Wayne, IN, Vertran M. Wheaton, Federal Correctional Institution, Pekin, IL, for Defendant–Appellant.

Before BAUER, EASTERBROOK, and ROVNER, Circuit Judges.

### ORDER

After a jury found Vertran Wheaton guilty of distributing crack, see 21 U.S.C. § 841(a)(1), he was sentenced to 92 months' imprisonment and four years' supervised release. Wheaton appeals, but his attorney seeks to withdraw under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because he believes that all potential appellate issues are frivolous. Wheaton was notified of counsel's motion to withdraw, see Cir. R. 51(b), and has filed a response. We limit our review of the record to those potential issues identified in counsel's facially adequate brief, see *United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997), and in Wheaton's response.

At trial the government presented evidence that Wheaton sold crack to Detective Jack Cain on two occasions: Wheaton sold 1.67 grams to Cain on July 26, 2002, and sold 14.81 grams on October 4, 2002. Wheaton was charged only for the second transaction. Counsel and Wheaton first consider whether it would be frivolous to argue that evidence of the July sale was inadmissable under Fed.R.Evid. 404(b). We would review the district court's evidentiary ruling for abuse of discretion. See *United States v. Rollins,* 301 F.3d 511, 517 (7th Cir.2002). Rule 404(b) prohibits using evidence of other crimes or bad acts to show the defendant's propensity for criminal behavior. But evidence of other crimes is permitted if: (1) it is offered to show a matter in issue other than the defendant's propensity to commit crime; (2) the other act is similar enough and close enough in time to be relevant to the matter in issue; (3) there is sufficient evidence to support a jury finding that the defendant committed the other act; and (4) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. See *United States v. Anifowoshe,* 307 F.3d 643, 646 (7th Cir. 2002).[1]

---

1. We further note that although Wheaton's sentence was based on both transactions, there exists no issue relating to *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) or *United States v. Booker,* 375 F.3d 508 (7th Cir.2004), cert. granted —— U.S. ——, 125 S.Ct. 11, 159 L.Ed.2d 838 (2004). Wheaton's base offense level was 26, which requires the defendant to have sold at least 5 grams but no more than 20 grams of cocaine base. See U.S.S.G. § 2D1.1(c)(7). Thus, the additional 1.67 grams did not affect his base offense level. Wheaton received no other adjustments or enhancements.

We agree with counsel that it would be frivolous to argue that the district court abused its discretion by admitting evidence of Wheaton's July sale of crack. The government offered the evidence in order to show Wheaton's intent and knowledge regarding the October transaction and to identify him as the seller. Prior drug sales can be probative of intent to distribute on a particular occasion. *See United States v. Knox,* 301 F.3d 616, 619–20 (7th Cir.2002). The July sale was also close enough in time because it occurred less than three months prior to the October sale. *See, e.g., United States v. Lampkins,* 47 F.3d 175, 180 (7th Cir.1995) (drug sales were relevant when they were similar to and occurred within a year of the charged crime). And there was sufficient evidence to support a jury finding that the July transaction occurred; Detective Cain and James Garman, an informant, both testified, and the government played tape recordings of both transactions. Finally, the court gave the jury a limiting instruction to counter any unfair prejudice from the admission of the July sale. *See, e.g., Knox,* 301 F.3d at 619.

■ We also agree with counsel that it would be frivolous to argue that the district court committed reversible error by not permitting counsel during closing argument to read the court's order admitting evidence of the July transaction. As counsel notes, closing arguments are limited to the facts received in evidence. *See United States ex rel. Shaw v. De Robertis,* 755 F.2d 1279, 1281 (7th Cir.1985). The court's order was not admitted into evidence; thus, the court did not err by refusing to allow counsel to read from it.

■ Wheaton proposes to argue that the district court erred by allowing Detective Cain's testimony that Garman identified Wheaton from a photo array. At trial Detective Cain testified without objection

that he showed Garman a group of six photos, and that Garman "correctly picked the right photo of Mr. Wheaton, that that was the person he was going to introduce me to." The photos were used to ensure that Garman and Cain were discussing the same person because Garman knew Wheaton only as "Big Guy." Wheaton argues that, because the photo array was not offered into evidence, he had no opportunity to show that the photo identification was unreliable and thus was denied his right to confrontation under *Crawford v. Washington,* —— U.S. ——, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). This argument would be frivolous because the photo identification had no bearing on his guilt; at trial both Cain and Garman identified Wheaton as the seller. Further, Wheaton had the opportunity to question both Cain and Garman at trial if he believed that Cain's testimony misled the jury.

■ Wheaton also would argue that there was insufficient evidence to support his conviction. To succeed in this argument, Wheaton would need to show that "no rational trier of fact could have found the essential elements of the offense charged beyond a reasonable doubt." *United States v. Peters,* 277 F.3d 963, 967 (7th Cir.2002) (citing *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). To convict Wheaton of distributing crack as charged, the government was required only to prove that he knowingly distributed what he knew to be a controlled substance and that he knew that the substance was crack. *United States v. Hatchett,* 245 F.3d 625, 631 (7th Cir.2001). Based on the testimony of Garman and Detective Cain, there was sufficient evidence for the jury to find that Wheaton distributed crack.

Finally, counsel and Wheaton both consider whether Wheaton could raise a claim of ineffective assistance of trial counsel.

As Wheaton recognizes, however, such a contention is better reserved for a collateral proceeding where the record may be fully developed. *See generally Massaro v. United States,* 538 U.S. 500, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003); *see also United States v. Schuh,* 289 F.3d 968, 976 (7th Cir.2002).

For the foregoing reasons, we GRANT the motion to withdraw and DISMISS Wheaton's appeal.