United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 22, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-10973
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MACHEO HILL, also known as Mace;
ROQUE RANGEL, JR., also known as Rock,

Defendants-Appellants.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:02-CR-3-9
--------------------

Before KING, Chief Judge, and JOLLY and STEWART, Circuit Judges.

PER CURIAM:*

Macheo Hill and Roque Rangel, Jr., were convicted of,

inter alia, conspiracy and possession with intent to distribute

narcotics in violation of 21 U.S.C. § 841(b).  Hill was additionally

convicted of being a felon in possession of ammunition in violation

of 18 U.S.C. § 922(g)(1).  Hill was sentenced to an aggregate

sentence of life and an aggregate 10-year supervised release

term.  Rangel was also sentenced to an aggregate sentence of

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

life, but his supervised release term was an aggregate of only five years.  Both Hill and Rangel filed timely notices of appeal. The Government's motion seeking leave to forego filing a brief in this case is GRANTED.

Both appellants argue that 21 U.S.C. § 841(a) and (b) is facially unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), because the statute's structure treats drug types and quantities as sentencing factors.  Hill additionally asserts that the district court erred by enhancing his sentence under 21 U.S.C. §§ 841(b) and 851 based on his prior felony drug conviction because the fact of that conviction was not set forth in his indictment nor proved to a jury beyond a reasonable doubt. The appellants concede that their arguments are foreclosed by United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2000), and Almendarez-Torres v. United States, 523 U.S. 224, 235-47 (1998), respectively.

Rangel argues that the district court deprived him of his right to due process in violation of Apprendi, by finding drug quantities by a preponderance of the evidence.  However, Rangel concedes that this argument is foreclosed by United States v. Keith, 230 F.3d 784, 786-87 (5th Cir. 2000).

Hill argues that there was insufficient evidence to support the interstate-commerce element of his conviction under 18 U.S.C. § 922(g) and that the statute is unconstitutional, both facially and as applied in his case.  Hill concedes that these arguments

are foreclosed by <u>United States v. Daugherty</u>, 264 F.3d 513, 518 (5th Cir. 2001) (firearm case), <u>cert. denied</u>, 534 U.S. 1150 (2002), and <u>United States v. Rawls</u>, 85 F.3d 240 (5th Cir. 1996), respectively.

Each of the issues raised by the appellants has been raised for the purpose of preserving those issues for possible further review. Accordingly, the judgment of the district court with respect to each of the appellants is AFFIRMED.