United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 8, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41565
Summary Calendar

UNITED STATES OF AMERICA

                    Plaintiff - Appellee

    v.

ROBERT H CLARK, JR

                    Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:03-CR-232-1
--------------------

Before KING, Chief Judge, and SMITH and GARZA, Circuit Judges.

PER CURIAM:[*]

    Robert H. Clark, Jr., appeals his sentence following his guilty plea conviction for conspiracy to possess with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine, in violation of 18 U.S.C. §§ 841(a)(1), 846. Clark argues that his sentence must be vacated in light of United States v. Booker, 125 S. Ct. 738 (2005).

    In Booker, 125 S. Ct. at 756, the Supreme Court held that "[a]ny fact (other than a prior conviction) which is necessary to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker also struck down 18 U.S.C. § 3553(b)(1) and thus rendered the Guidelines advisory only. Id. at 764-65.

The district court based Clark's sentence on its finding that Clark was responsible for more than 1.5 kilograms of "ice," which is a mixture or substance containing d-methamphetamine hydrochloride of at least 80 percent purity, and it calculated his offense level accordingly. The district court also applied a sentencing enhancement because a firearm was possessed in relation to this offense and for Clark's role as a leader or organizer. Clark did not admit these facts in the district court and objected to the enhancements on Sixth Amendment grounds. Clark's 360-month sentence exceeded the maximum sentence that could have been imposed based solely on his plea and constituted a Sixth Amendment violation under Booker. See Booker, 125 S. Ct. at 769.

When, as here, the defendant has preserved this error, we will ordinarily vacate the sentence and remand, unless we can say that the error is harmless. United States v. Pineiro, 410 F.3d 282, 284 (5th Cir. 2005). In order to carry this burden, the Government must show that the Booker error did not affect the sentence that the defendant received; it must show "that the

district court would have imposed the same sentence absent the error." Id. at 286.

Although the Government asserts that the sentence was reasonable, it concedes that it cannot establish beyond a reasonable doubt that the mandatory nature of the Sentencing Guidelines at the time of Clark's sentence did not contribute to the sentence that he received. See id. Accordingly, Clark's sentence must be vacated and remanded for resentencing.

VACATED AND REMANDED.