United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 8, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-41819
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT H. CLARK, JR.,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:03-CR-232-1
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Robert H. Clark, Jr., pleaded guilty without a written plea agreement to conspiracy to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Following United States v. Booker, 543 U.S. 220 (2005), this court vacated Clark's original sentence and remanded the case for resentencing. See United States v. Clark, No. 04-41565 (5th Cir. Aug. 8, 2005) (unpublished). On remand, the district court found by a preponderance of the evidence that 3246.07 grams

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(equivalent to 3.24 kilograms) of "ice" was attributable to Clark and, after considering the advisory Sentencing Guidelines, sentenced Clark to 360 months of imprisonment, to be followed by five years of supervised release.

Clark challenges the validity of his conviction, arguing that he pleaded guilty to an offense involving methamphetamine; that he was not charged with, and he did not knowingly and voluntarily plea guilty to, an offense involving "ice"; and that under Federal Rule of Criminal Procedure 11(b)(1)(G) and Apprendi v. New Jersey, 530 U.S. 466 (2000), the district court was required to inform Clark and determine that he agreed with the "fundamental facts" of the offense to which he was pleading guilty, such as the substance involved in the offense.

A guilty plea involves the waiver of several constitutional rights and, accordingly, must be knowing and voluntary. Boykin v. Alabama, 395 U.S. 238, 242-44 (1969); see FED. R. CRIM. P. 11. Rule 11 explicitly requires that the district court "inform the defendant of, and determine that the defendant understands ... the nature of each charge to which the defendant is pleading." FED. R. CRIM. P. 11(b)(1)(G). Where, as here, a defendant did not object to Rule 11 error in the district court, we review for plain error. United States v. Vonn, 535 U.S. 55, 59 (2002).

Rule 11(b)(1)(G)'s requirement regarding the nature of the charge is fulfilled when the defendant is informed of the elements of the offense charged. See United States v. Lujano-

<u>Perez</u>, 274 F.3d 219, 224 (5th Cir. 2001)). The record shows that the district court met this requirement; there was no Rule 11(b)(1)(G) error. <u>See</u> <u>Lujano-Perez</u>, 274 F.3d at 225-26

The gist of Clark's argument is that the district court was required to inform him and ensure that he understood that the Government had to prove that the conspiracy involved "ice," and that, because Clark did not understand or agree regarding "ice," he did not knowingly and voluntarily plead guilty to the crime of which he was convicted. While 21 U.S.C. § 841(b)(1) provides different statutory penalties for different quantities of methamphetamine, it does not make a distinction between methamphetamine and "ice." <u>See</u> § 841(b)(1)(A)(viii), (B)(viii), (C). Because the fact that the methamphetamine involved in Clark's offense was "ice" does not affect the statutory penalty for his crime, that fact is not an "element" of the offense. <u>See</u> <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490, 494 n. 19 (2000); <u>United States v. Keith</u>, 230 F.3d 784, 787 (5th Cir. 2000).

The fact that the methamphetamine was "ice" does affect the Sentencing Guidelines range of punishment. <u>See</u> § 2D1.1(c). However, when a defendant is resentenced post-<u>Booker</u> under an advisory sentencing regime, as Clark was here, the sentencing judge may continue to find by a preponderance of the evidence all facts relevant to sentencing, even if those facts increase the guideline sentencing range. <u>United States v. Johnson</u>, 445 F.3d 793, 798 (5th Cir. 2006), <u>cert. denied</u>, 126 S. Ct. 2884 (2006).

Thus, the fact that Clark pleaded guilty to an offense involving "methamphetamine" does not prohibit the district court from finding, or the Government from arguing, that he be sentenced based on "ice." See United States v. Smallwood, 920 F.2d 1231, 1239 (5th Cir. 1991).

AFFIRMED.